## NEW-YORK FIRE INSURANCE COMPANY *vs.* LAWRENCE and wife.

Where a part of the exceptions to an answer are allowed and a part disallowed, if the complainant excepts to the master's report as to the disallowance of a part of his exceptions, he must wait until his exceptions to the master's report are finally disposed of by the court before he will be entitled to an order for the defendant to answer the exceptions which were allowed by the master. And the entry of a common order to answer the exceptions allowed before the entering of the order of the court on the exceptions to the master's report is irregular.

The proper course in such a case, if the exceptions to the master's report are overruled by the court, is to enter the special order in conformity to the decision of the court, and to make it a part of the same order that the defendant put in a further answer to the exceptions which were allowed by the master ; or the complainant may have a common order to answer the exceptions allowed, after the report has become absolute by the entry of the special order overruling his exceptions to the same.

THIS was an appeal from a decision of the vice chancellor of the first circuit setting aside the complainant's proceedings to take the bill as confessed, for irregularity. Five exceptions having been filed to the answer of the defendants,

1837.

New-York Fire Ins. Co. v. Lawrence.

July 4.

they submitted to the same and put in a further answer. The complainant's solicitor deeming the further answer insufficient as to four of the exceptions, referred the answer upon those exceptions. The master reported the answers insufficient in the matters of the two first exceptions and that it was sufficient in the matters of the third and fifth exceptions. Notice of filing the report was duly served on the defendant's solicitor. The complainant excepted to so much of the report as adjudged the answer to be sufficient in the matter of the two last mentioned exceptions. Upon a hearing before the vice chancellor the decision of the master was declared to be correct, and the exceptions to his report were disallowed. But the complainant's solicitor instead of entering the usual order upon the vice chancellor's decision, overruling the exceptions and confirming the report, and requiring the defendants to put in a further answer to the two first exceptions within the time allowed by the master, entered a common order for the defendants to answer those exceptions ; leaving the exceptions to the report undisposed of on the records of the court, and proceeded to take the bill as confessed for the want of such further answer.

*S. F. Cowdrey,* for the complainant.

*C. W. Sandford,* for the defendants.

THE CHANCELLOR. The common order entered by the complainant's solicitor to answer the two first exceptions was irregular. The report having been excepted to by the complainant's solicitor it did not become absolute under the 56th rule, until those exceptions were disposed of by the order of the court. The complainant's solicitor should therefore have drawn up the order under the decision of the vice chancellor overruling the exceptions and confirming the master's report. And he should have made it a part of the same order that the defendant put in a further answer to the two first exceptions within the time allowed, as a separate common order to answer was not necessary,

though it would not have been irregular if the special order to confirm the report had been previously entered. Until the exceptions to the report were disposed of by the order of the court, the complainant had no more right to call for a further answer as to the two first exceptions than he had before the decision of the vice chancellor was pronounced. (2 *Moll. Rep.* 70. 4 *Paige,* 140.)

As the irregularity complained of had deprived the defendants of their defence, it was proper to open the order taking the bill as confessed, although there had been some delay in making the application.

The order appealed from must be affirmed with costs.