Gardiner, Ch. J.
 

 delivered the opinion of the court.
 

 According to the original certificate acknowledged by Reynolds and Maginnis, the limited partnership between them was
 
 *92
 
 to continue for two years. The 24th section of the statute (1
 
 R. S.
 
 767,) expressly provides, that no dissolution by
 
 act
 
 of the
 
 parties
 
 shall take place,, previous to the time specified in the certificate, until a notice shall be filed, recorded and published in the manner therein prescribed. The demand in controversy was contracted within the two years, in the firm name, and as the jury have found, without any knowledge, express or implied, on the part of the plaintiff, that a dissolution was contemplated by the copartners, previous to the time for that purpose fixed in their certificate. It appears by the bill of exceptions, that the firm had been a customer of the plaintiff, and was indebted to him at the time of the attempted dissolution. Under these circumstances it is obvious, that the partnership would continue as to the plaintiff, until actual notice of a dissolution, or a constructive notice of the same fact, given for the time, and in the manner prescribed by the statute.
 

 That Reynolds was liable to the plaintiff, therefore, as a special partner, there can be no doubt. The more important question is, is he or can he be made responsible as a general partner?
 

 It appeared upon the trial, that at the time of the attempted dissolution, and as part of the arrangement then made, Reynolds disposed of his interest in the concern to Maginnis, the general partner, for fifteen hundred dollars, and took by way of security, a chattel mortgage upon the copartnership effects, and upon the individual property of the vendee, together with a judgment for the same demand; that upon this judgment an execution was issued, upon which fourteen dollars was made by the sheriff, who in October following, made his return of
 
 nulla bona
 
 as to the residue. The learned judge instructed the jury, that this transaction made Reynolds liable as a general partner, as to existing creditors of the firm, and as to all those who became creditors, without notice of the dissolution, without reference to the intent with which the dissolution- took place, and the mort
 
 *93
 
 gage and judgment were taken. In other words, as I understand the charge, no intent to defraud creditors was essential to create this liability. I think that this instruction was justified by the language of the statute, under which the copartnership was formed. The twelfth section of the act, among other things provides, that every
 
 alteration
 
 in the nature of the business, or in the capital, or shares of the copartnership, from that specified in the certificate, shall be deemed a dissolution; and that every such partnership, which shall in
 
 any
 
 manner be carried on, after any such alteration, shall be deemed a general partnership.
 

 That there was an alteration in the shares of the copartnership is manifest; since the whole interest of Reynolds, which included his contribution to the capital, was by this transfer turned into a debt against Maginnis, and secured to the special partner, by a specific lien upon the firm property, to the exclusion of the creditors of the copartnership, whether existing or subsequent. The partnership was subsequently, within the meaning of the statute,
 
 “
 
 carried on,” because the debt in controversy was contracted in the usual course, without any notice, as we have seen, of the arrangement between the co-partners, or of a dissolution, either actual or constructive. Under the circumstances disclosed by the bill of exceptions, we are of opinion, that the plaintiff had an election, to consider the arrangement between the defendants, at the time of the attempted dissolution, as merely void, and enforce his demand against the firm, as if it had continued, as originally organized; or, to treat the transaction as a violation of the twelfth section of the statute, and charge Reynolds as a general partner; and this, irrespective of a design to defraud or injure the creditors of the firm. The act makes his liability to depend upon the carrying on of the co-partnership, after an alteration in the shares of the partners in the capital, as a matter of fact, without regard to the motives which led to the arrangement.
 

 There is no force in the exception to the ruling of the judge upon the question of interest. The goods were all purchased
 
 *94
 
 of the plaintiff by Maginnis, at the same time and for a price fixed by the parties. The debt was therefore liquidated, when contracted. ¡No precise time of credit was given. When, therefore, after a reasonable time had elapsed, and the account was presented, and impliedly admitted, the defendants were in default for witholding payment, and interest was properly chargeable from the time of the demand. (2 Comstock, 135.)
 

 The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.