HENRY A. BUCK et al., as Administrators, etc., Respondents, *v.* WILLIAM S. ALLEY et al., Appellants.

The provision of the Limited Partnership Act (1 R. S. 766, § 13, as amended by chap. 476, Laws of 1862), which requires that the business of such a partnership shall be conducted under a firm name in which the names of the general partners only shall be inserted, but provides that where there are one or more general partners the firm name may consist of one or more with or without the addition of the words "and Company" or "& Co.," does not authorize the use of those words to represent the special partner where there is but one general partner.

The use of those words, however, in such a case does not make the special partner liable as general partner; that penalty, so far as the firm name is concerned, is affixed only where the name of the special partner is used therein with his privity.

(Argued March 19, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 16, 1894, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Circuit without a jury.

This was an action upon a promissory note given by the firm, doing business under the name of W. S. Alley & Co., to Elisha A. Buck, plaintiffs' intestate. Said firm consisted of W. S. Alley, as general partner, Ferdinand T. Hopkins and Thomas H. Thomas, as special partners. The execution of the note by Alley in the name of the firm was admitted. All of the partners were made parties defendant, but only the special partners were served with process and appeared in the action. They were sought to be made liable as general partners, because of the use of the "& Co." in the firm name.

*Austin Abbott* for appellants. The statute expressly permits the use in the firm name of the name of the general partner with the addition of the words "& Co." (Laws of 1866, chap. 661, § 13.) The firm name of "W. S. Alley & Co." is the proper mode of designation of this firm, which contained

but one general partner. (*Zimmerman* v. *Erhard*, 83 N. Y. 74; Pars. on Cont. [4th ed.] 413, § 98; *Oliphant* v. *Mathews*, 16 Barb. 608; *N. Bank* v. *Ingraham*, 58 id. 290; Lindley on Part. 182; *Etheridge* v. *Binney*, 9 Pick. 272.) It is not the policy of the law to charge special partners for technical deviations from the requirement of the statute which do not affect the rights of creditors. (*M. Co.* v. *Laimbeer*, 108 N. Y. 578; *Bowen* v. *Argall*, 24 Wend. 495.) The tendency of recent legislation is against the contention of the plaintiffs. (*Ward* v. *Newell*, 42 Barb. 482; *Bradbury* v. *Smith*, 21 Maine, 117; *Andrews* v. *Schott*, 10 Penn. St. 47; *Vilas* v. *Bullock*, 10 Phila. 309.)

*Waldo W. Willard* for respondents. The partnership of W. S. Alley & Co. never had any inception as a limited partnership. (Laws of 1866, chap. 661, § 13; *Bell* v. *Merrifield*, 28 Hun, 219; Pars. on Part. [4th ed.] § 421.) The defendants, in the conduct of their business, subsequent to the filing of their certificate on May 26, 1890, made themselves liable as general partners to pay the note in suit. (Pars. on Part. [4th ed.] § 421; Bates on Lim. Part. §§ 57–61; 13 Am. & Eng. Ency. of Law, 817; *Ward* v. *Newell*, 42 Barb. 482; *Van Ingen* v. *Whitman*, 62 N. Y. 513; *M. C. Bank* v. *Gould*, 5 Hill, 309; *Andrews* v. *Schott*, 10 Penn. St. 47; *M. Bank* v. *Gruber*, 14 Wkly. Notes, 12; *Gibbs* v. *Mershon*, 14 id. 89; *Bradbury* v. *Smith*, 21 Maine, 117.)

Andrews, Ch. J. The claim that section 13 of the Limited Partnership Act (2 Rev. St. 704), as amended by c. 661 of the Laws of 1866, permits the use by a limited partnership of the words 'and Company,' or '& Co.,' as a part of the firm name, to represent the special partner, cannot be supported. The section, so far as now material, is as follows : " The business of the partnership shall be conducted under a firm in which the names of the general partners only shall be inserted, except that where there are two or more general partners the firm name may consist of either one or more of such general

partners, with or without the addition of the words 'and Company,' or '& Co.,' and if the name of any special partner shall be used in such firm with his privity, he shall be deemed a general partner; but the said partnership shall put upon some conspicuous place on the outside and in front of the building some sign on which shall be printed in legible English characters all the names in full of all the members of said partnership," etc. By the natural reading of the section the use of the words 'and Company,' or '& Co.,' are only permitted where there are two or more general partners, in which case the firm name may consist of the names of one or more of the general partners and of the addition 'and Company,' or '& Co.,' to represent the general partners whose names are not expressed. The section makes a special partner liable as a general partner, if his name is used in the firm title with his privity. It is difficult to suppose that the legislature, while interdicting the use of his name, except at this hazard, intended at the same time to permit the use of an addition to represent him. The history of section 13 strongly corroborates this view. It discloses a consistent purpose in the legislature from the beginning to prevent the name or the existence of a special partner to be indicated in the firm name. The original policy was doubtless to prevent credit being given to a person not liable as a general partner for the debts or liabilities of the firm, though this policy has been greatly modified and to a great degree subverted by recent legislation. The original section passed in 1822 (C. 244, sec. 4) required that the business of a limited partnership should be conducted " under a name or firm name consisting of the names of all the partners interested, excepting special partners, whose names shall not be used under the penalty of being liable as general partners." Section 13 of the Limited Partnership Act in the Revised Statutes, relating to the same subject, and which superseded section 4 in the act of 1822, omitted the requirement that the names of all the general partners should be inserted in the firm name, and in place of that requirement prescribed that the

business should be "conducted under a firm in which the names of the general partners only shall be inserted, without the addition of the word 'company' or any other general term." This was the first enactment referring to the use of the addition "company" in the name of limited partnerships, and such use was prohibited. Under this section the firm name might be that of one or more of the general partners, but it could not be supplemented by the word "company" or any other general term. The firm name might comprise the names of all the general partners or a part of them only, but if part only were named the suggestion that there were others could not be made through the vague designation of "company" or the use of a similar general word. The amendment of section 13 by chapter 476 of the Laws of 1862, modified the provision prohibiting the use of an addition, contained in the original section, and declared that where there are more than two general partners the firm name may consist of either two of such partners with the addition of the words "and Company," and made provision for the first time requiring that a sign should be placed on the building occupied by the partnership containing the names of all the partners. The amendment of 1862 was designed to relieve the general partners where there were more than two (all of whom might desire to be represented in the firm name) from the inconvenience of having all the names inserted in the title and to permit the addition "and Company" to be added to represent them. The amendment in no respect modified the position of a special partner. The amendment was not intended to give him representation in the firm name. His position was unchanged, and the provision remained as originally enacted, that "if the name of the special partner shall be used in such firm name, with his privity, he shall be deemed a general partner." There was obvious propriety in permitting general partners to be represented by the addition "and Company," but none in view of the policy of the legislature to extend this privilege to special partners. Section 13 was again amended by chapter 43 of the Laws of 1864 by

removing the restriction in the amendment of 1862 of the
use of the addition to the case where there was more than two
general partners, and allowing it to be used " where there are
two or more," and the section was again amended by chapter
661 of the Laws of 1866, which did not change the section in
any respect relevant to the present case from what it was
under the amendment of 1862. This review of the course of
legislation seems to show beyond reasonable doubt that the
legislature, from the time of the act of 1822 through all the
changes in the law on the subject of the firm name, have
maintained the principle that the firm name of a limited
partnership should represent only general partners, and that
the modification intended by the amendments in the subsequent
revisions of section 13 were designed to remove the strin-
gency of the original enactment so that general partners might
be represented in the firm name, either by specification or by
inclusion under the addition " and Company." This interpre-
tation of the statute leads to the conclusion that the use of the
firm name of W. S. Alley & Co., in the business in which the
defendant William S. Alley was the sole general partner, and
the defendants Ferdinand T. Hopkins and Thomas H. Thomas
were special partners only, was unauthorized and in violation
of the implied prohibition of section 13 of the Limited Part-
nership Act.

The remaining question is whether its use in this case, made
as the certificate shows, with the privity of the special part-
ners, rendered them liable as general partners for the debts of
the firm. In *Ward* v. *Newell* (42 Barb. 482) the question
was presented and considered by Clerke, J., who delivered
the prevailing opinion in that case and who " was inclined "
to the opinion that such a firm designation rendered the spe-
cial partners liable as general partners, but the judgment pro-
ceeded on another ground. In no case in this state, so far as
we can ascertain, has it been so adjudged prior to the decision
in the present case. The question depends upon the construc-
tion of the statute, and in construing a statute all its provis-
ions may be considered to arrive at the intention of the legis-

lature. The remark of COWEN, J., in *Bowen* v. *Argall* (24 Wend. 501) that "no doubt the provision of 1 Rev. St. 753, prescribing the manner of instituting limited partnerships must be substantially complied with, or the creditors may treat the members of the firm as general partners," may be admitted as stating a true general principle applicable to the construction of the Limited Partnership Act. But he held in that case that it is not every departure from the provisions of the act which would subject a special partner to a general liability. There a general partner had made a general assignment for the benefit of creditors, which provided for the payment of a debt due to a special partner ratably with the other creditors of the firm, which was held by the chancellor in *Mills* v. *Argall* (6 Paige, 577) to be a violation of the 23d section of the Limited Partnership Act, and Judge COWEN, in his opinion, assuming the correctness of the decision of the chancellor, said : " I see nothing in the act declaring as a consequence of an assignment or other act providing for the forbidden preference, that the special partner should thereby become liable as a general one. The only consequence of the construction contended for by the plaintiff in error would be the avoiding of the partnership provision for the benefit of other partnership creditors."

Coming to a particular consideration of the question now presented, and looking at the Limited Partnership Act, the first thing which strikes the attention is that section 13 contains only an implied prohibition of the use of the addition 'and Company,' or '& Co.,' to designate a special partner, and does not declare any consequence of such unauthorized addition, but that the section does affirmatively declare that when the name of the special partner shall be used in the firm name with his privity "he shall be deemed a general partner." It affixes the penalty to the use of the name only. This is not the only instance where the penalty of liability as a general partner is imposed in express terms for violations of the provisions of the act. Indeed, it is difficult on an examination of the various provisions to escape the conclusion that where the legislature intended this result to follow it so declared in unmistakable

terms.   The 8th section declares that if any false statement
be made in the certificate or affidavit required to be filed on
the organization of the partnership, " all the persons interested
in such partnership shall be liable for all the engagements
thereof as general partners."   The case of *Van Ingen* v.
*Whitman* (62 N. Y. 513), and *Durant* v. *Abendroth* (69 id.
148), were founded on a violation of this section.   Section 9
declares a similar penalty if the publication of the terms of
the partnership shall not be made as required thereby, and
the special partner was held liable for a non-compliance with
this section in *Smith* v. *Argall* (6 Hill, 479), which was
affirmed on error (3 Den. 435), the court saying :  " The
consequence is declared in plain terms; the partnership
shall be deemed general."   The 11th section, which pre-
scribes the manner of renewing or continuing a limited part-
nership, declares :  " And every such partnership which shall
be otherwise renewed or continued, shall be deemed a general
partnership."   Section 12 provides that every alteration
" made in the name of the partners, in the nature of the busi-
ness, or in the capital or shares thereof, or in any other matter
specified in the original certificate, shall be deemed a dissolu-
tion of the partnership, and any such partnership which shall
be in any manner carried on after any such alteration shall
have been made, shall be deemed a general partnership, unless
renewed as a special partnership according to the provisions
of the last section."   In *Beers* v. *Reynolds* (11 N. Y. 97) the
special partner, before the time fixed in the certificate for the
termination of the partnership, sold out his interest to the
general partner and took a mortgage on the goods to secure
the consideration.   It was held that this was a violation of
the 12th section and that the special partner was liable
as a general partner to a creditor who dealt with the part-
nership afterwards without notice.   Section 13, as stated,
prescribes the penalty of general liability where the name
of the special partner is used in the firm name with his
privity.   Section 17 prohibits the special partner from
transacting any business on account of the partnership as

agent, attorney or otherwise, and declares that "if he shall interfere contrary to these provisions, he shall be deemed a general partner." We have said that no case in this state except the present one has imposed the penalty of general liability upon a special partner for having the addition of 'company' to the firm name, where there was but one general partner. Nor have we found any case imposing such liability for any departure from the act, except where this penalty is specifically prescribed. The case of *Madison County Bank* v. *Gould* (5 Hill, 309) is not an exception. In that case the special partner had drawn out his contribution of capital and it had been invested in real estate, used in the business, the title to which was conveyed to all the partners, general and special, as tenants in common. The court held that, assuming that this was done with the concurrence of the special partner, it was a violation of the 17th section of the act prohibiting the special partner transacting any business on account of the partnership. The withdrawal of capital contributed by him as special partner violates section 15 of the act, and the court further held that this would make him liable as a general partner. We are not prepared to say that an act so subversive of the whole policy of the statute might not be justly visited by the imposition of a liability as general partner, even if not so declared. But the withdrawal of capital by a special partner is a plain violation of section 12. It was an alteration in the capital of the business. Judge BRONSON, in the case cited, referred to the fact that the legislature evidently intended that the legal title to all the partnership property should be vested in the general partners. It was a most material change in the capital to withdraw the contribution of the special partner from the business and put it into land, the title to which was vested in all the partners jointly, including the special partner. Moreover, if the purchase of the mill, with the co-operation of the special partner, was doing business in violation of the 17th section, the withdrawing of his capital by his participation was an intermeddling with the business also. Both sections 12 and 17 specially

declare the penalty of general liability for a violation of their provisions.

It is claimed in behalf of the plaintiff that as section 1 of the act declares that limited partnerships may be formed " upon the terms, with the rights and powers, and subject to the conditions and liabilities herein (in the act) prescribed," and as section 13 impliedly prohibits the use of the addition " company " to a firm name where there is but one general partner, the conditions upon which a limited partnership is permitted have not been complied with, and that the parties stand as if the formation of a limited partnership had never been attempted. There was no irregularity other than the one specified. The certificate made and filed stated the " name or firm under which the partnership is to be continued." (Sec. 4.) The only defect in the proceedings is that the firm name, W. S. Alley & Co., was not permitted by section 13, under the circumstances. In a general sense the use of a correct firm name may be a condition. But the statute carefully enumerates certain original conditions, the violation of which shall impose a general liability. The condition as to the use of the name of the special partner in section 13, and the condition as to publication of notice in section 9, are illustrations. Why should the legislature have made particular mention of these and other failures to comply with the act, and prescribed the penalty of general liability in terms, if it was intended that every failure to follow the precise directions of the statute should be followed by this result. The act should have a fair and reasonable construction, and we think the defect in the present case did not render the proceeding void from the beginning, or impose on the special partner a general liability. (See PECKHAM, J., *Manhattan Co.* v. *Laimbeer*, 108 N. Y. 582.) By recent legislation the strict policy which prevailed under the original enactment has been departed from. It is now possible to continue the use of a former firm name on the constitution of a new partnership, although the names of those who become special partners in the new firm are found in the

original firm name.   (Laws of 1882, c. 425 ; do. 1893, c. 263.)
We are not required in the absence of binding authority to
impose a liability upon a special partner upon a technical and
severe construction of the statute, not in harmony with legis-
lative policy indicated by recent legislation.   A party dealing
with a firm having the word " Co." attached to the firm name,
would not be likely to give credit on the faith of that addition
without knowing who were represented by it.   The facts in
relation to the organization of the special partnership of W. S.
Alley & Co. were matters of public record, and it is not claimed
that the names and character of the several co-partners were
not posted on the building as required by the act.   The case
of *Andrews* v. *Schott* (10 Pa. St. 47), in the Supreme Court
of Pennsylvania, which has been followed in some of the other
courts in that state, construed a section in the Limited Part-
nership Act of that state, similar to section 13 of the Revised
Statutes in the act of this state.   The court got by the diffi-
culty that the legislature had not declared that the use of the
word " company " should make the special partner liable as a
general partner, by saying, " No doubt the legislature supposed
that the latter part of the sentence, 'he shall be a general
partner,' referred to the whole section."   In this state the sec-
tion has been frequently amended, and the phraseology upon
the point now in question has remained unchanged.   The
court is not called upon to remedy an inadvertence or omis-
sion (if any occurred) in order to impose the penalty of gen-
eral liability.   The conclusion we have reached in this case
does not, we think, contravene the statute, while at the same
time it is not inconsistent with the present public policy of
the state.

     The judgment of the General Term and of the Circuit
should be reversed and a new trial ordered, with costs to abide
the event.

     All concur.

     Judgment reversed.