(40 Misc. Rep. 214.)

### BUCKLE et al. v. ILER et al.

(Supreme Court, Appellate Term. March, 1903.)

1. LIMITED PARTNERSHIP—SPECIAL PARTNER—CERTIFICATE OF PUBLICATION.

Failure of a special partner in a limited partnership to file with the proper county clerk proof of the publication of the certificate and affidavit required by the partnership law (Laws 1897, p. 563, c. 420, § 32) to be made, filed, and published in the case of a limited partnership, does not make such partner a general partner; the statute having imposed no penalty for such failure.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bernhard Buckle and Carl Westerman against Julius C. Iler and Joseph D. Iler. Judgment for plaintiffs, and defendant Joseph D. Iler appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

George Q. Collins (Geo. W. Van Slyke, of counsel), for appellant. Rabe & Keller, for respondents.

FREEDMAN, P. J. There is but one question raised upon the appeal in this case. The action was brought to recover for goods sold to the firm of J. C. Iler & Co., and the plaintiffs secured a judgment for $194.10 and costs. The defendant Joseph D. Iler set up as a special defense that he was not liable upon the cause of action,

¶ 1. See Partnership, vol. 38, Cent. Dig. § 842.

on the ground that he was a special partner, under the limited partnership act. The appellant proved the formation of the limited partnership; that he was the special partner therein, and the payment in cash of the sum contributed by him, as agreed upon, into the partnership. It was conceded by plaintiff upon the trial that appellant had caused to be published the requisite certificate and affidavit pursuant to the order of the county clerk. It was then conceded by the appellant that no proof of publication of such certificate and affidavit, as required by the statute, had been filed with the county clerk. The statute (Laws 1897, p. 563, c. 420, § 32) provides as follows:

"Immediately after the filing of the certificate, a copy of the same or a notice containing the substance thereof, shall be published once in each week for six successive weeks, in two newspapers of the county in which such original certificate is filed, to be designated by the county clerk, one of which newspapers shall be a newspaper published in the city or town in which the principal place of business is intended to be located, if a newspaper be published therein; or, if no newspaper is published therein, in the newspaper nearest thereto, and proof of such publication by affidavit of the printer or publisher of each of such newspapers must be filed with the original certificate."

It is contended by the plaintiffs that, by reason of the failure of the appellant to file with the county clerk proof of the publication of the certificate referred to in section 32 aforesaid, the appellant became liable, as general partner, for all debts contracted by the firm, and that therefore judgment in favor of the plaintiffs herein must be sustained.

A reading of the statute shows that for each of several acts or omissions a liability has been imposed. These acts or omissions are enumerated in sections 34, 35, 37, 39, 40, and 41 of the act. These, briefly stated, are as follows: (1) False statement in the certificate or affidavit; (2) failure to publish certificate or affidavit; (3) or renewal or continuance of partnership in another manner than prescribed by the statute; (4) use of name of special partner in firm name without his privity; (5) interference in the business contrary to the provisions of section 37; (6) violation of section 40, relating to transfers of property by partners. But nowhere does the statute impose liability for failure to file proof of publication of the certificate. We may therefore reasonably assume that had it been the intention of the Legislature to impose a penalty or create a liability for such failure, as above mentioned, it would have so declared in express language. In fact, the contrary intention may more reasonably be inferred, for while the act requires the certificate to be published, and prescribes the penalty or liability as general partner for failure to publish, and also requires proofs of such publication to be filed, it omits any penalty for failure to file. The publication is the protection to the public, and for failure to publish the act justly makes a special partner liable as a general partner, but the failure to file proof of publication can in no way prejudice the rights of creditors of a limited partnership. The failure to perform an act required by the statute will not impose liability of a general partner upon the special partner unless the statute so declares. This was substantially so de-

cided in Buck v. Alley, 145 N. Y. 488, 40 N. E. 236. Judgment as to appellant, Joseph D. Iler, reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment as to appellant, Iler, reversed, and new trial ordered. with costs to appellant to abide event. All concur.