Nicholas M. Pette, J.
This is a proceeding under article 78 of the Civil Practice Act to direct the County Clerk of the County of Queens to accept for filing in his office a certificate of partnership of Hyman B. Seigal and Euth Seigal to conduct business under the name and style of “ Kass-Seigal Interiors, Ltd.”
The name thus sought to be assumed by the partnership was that of a domestic corporation which conducted business as interior decorator and retail furniture dealer in the county of Queens from November, 1947 to December 31, 1957, when it discontinued business. The corporation expended large sums of money in advertising its corporate name which was prominently displayed in full in all of its signs, letterheads and the like. When it discontinued its business activities, the copartners on January 1, 1958 commenced business at the location formerly occupied by the corporation, using the corporate name “ Kass-Seigal Interiors, Ltd.”, pursuant to the consent executed by the corporation through its president, the petitioner, its sole stockholder. When the certificate of conducting business, dated January 22,1958, and the written consent of the corporate stockholders were presented for filing with the office of the respondent County Clerk, the latter refused to accept same chiefly on the ground that the designation “ Ltd.” would be likely to deceive the public and mislead it into believing that it is doing business with a corporation rather than a partnership.
The copartners contend that the refusal of the County Clerk to accept their certificate, as submitted, was arbitrary, capricious and contrary to law and rely on subdivision 2 of section 80 of the Partnership Law, reading as follows: “Where any partnership shall hereafter be formed under the laws of this state it may use the firm or corporate name of any general or limited partnership or of any corporation, domestic or foreign, which may theretofore have carried on its business within this state, where said general or limited partnership or corporation has discontinued or shall be about to discontinue its business within the state, and where a majority of the partners, general or special, in either of such last mentioned copartnerships or of the survivors thereof shall be members of the new copartnership, or where a majority of the members of such copartnership theretofore existing or of the surviving members thereof, or where stockholders holding a majority of the stock of such corporation shall consent in writing to the use of such firm or corporate name by such new copartnerships ”.
The question thus squarely presented is whether a partnership succeeding to the business of a corporation, whose stockholders have authorized in writing the use of its “ corporate *753 name ” by the partnership, may, under the authority of the foregoing statute, include in such partnership name the word or words or abbreviation thereof which the corporation when doing business was required to affix to its name to “ clearly indicate that it is a corporation as distinguished from a natural person, firm or copartnership ’ ’ as provided in section 9 of the General Corporation law.
The court is of the opinion that the answer must be in the negative. While subdivision 2 of section 80 of the Partnership Law authorizes a partnership to use the corporate name of a corporation, as therein provided, such authority was not intended to include in the partnership name thus assumed the word or words or abbreviation thereof which the corporation has used in its corporate name to distinguish it from a natural person, firm or copartnership. Any other interpretation would result in the likelihood of the public being mislead into believing that it was dealing with a corporate entity rather than with a partnership, and this could not have been the legislative intent in light of the provisions of sections 924 and 964 of the Penal Law. The first of such sections, in substance, prohibits, except where it is specially prescribed by statute that a partnership may be continued in use by a successor, survivor or other person, the designation in a partnership certificate “ ‘ and company ’ ” or “ ‘ & Co.’ ” when no actual partner is represented; and the second prohibits persons, firms or corporations, with intent to deceive or mislead the public, from using ‘1 any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation ”.
It is, therefore, the conclusion of the court that under subdivision 2 of section 80 of the Partnership Law the copartners, as successors of the good will and advertising which the corporate name may have received, are entitled to file a certificate using the corporate name “Kass-Seigal Interiors” with or without the word 1 ‘ company ” or an abbreviation thereof, but not with the designation “Ltd.” The petition is accordingly dismissed on the merits.
Submit order.