MICHELI CONTRACTING CORP., Respondent, v FAIRWOOD ASSOCI-
ATES et al., Defendants, and KAYE 1972 ASSOCIATES et al.,
Appellants.

Third Department, June 21, 1979

APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (Robert E. Ganz* of counsel), for appellants.

*Tobin & Dempf (Michael L. Costello* of counsel), for respondent.

## OPINION OF THE COURT

STALEY, JR., J.

This action was commenced to recover the sum of $192,268.27 for work, labor and material provided and furnished for the construction of an apartment project, known as the Fairwood Apartments in the Town of Guilderland, County of Albany, owned by Fairwood Associates, a limited partnership. In addition to Fairwood Associates, the complaint names each individual partner as a defendant.

This appeal involves only defendants Kaye 1972 Associates, Harold V. Gleason, Herbert Pearlman and Abraham Portnoy, each of whom, by a motion to dismiss, claims that he is a limited partner and, thus, not liable to plaintiff for partnership debts. Fairwood Associates was created by an agreement, dated October 31, 1972, with each of the defendants signing the agreement except for defendant Lilyan R. Waxman and appellant Abraham Portnoy. As part of the agreement, the limited partners expressly agreed to designate each and all of the general partners as their attorney(s) in fact for the purpose of filing the certificate of limited partnership. This agreement was filed in the office of the Albany County Clerk on the 24th day of December, 1973.

Prior to November 8, 1972, a certificate of limited partnership was executed and subscribed in the names of the limited partners, including appellants Kaye, Gleason and Pearlman, by the president of Fairproj Corp., one of the general partners. This certificate was then filed in the office of the Albany County Clerk on that day. In addition, the substance of that certificate was published in two newspapers in Albany County, once each week for six weeks pursuant to the New York Partnership Law.

Thereafter, on December 24, 1973, a certificate amending the certificate of limited partnership was filed in the Albany County Clerk's office and in it, appellant Portnoy was substituted as a limited partner. Again, this was subscribed on

behalf of all limited partners, save Portnoy, by the same general partner.

Appellants move to dismiss the complaint as insufficient in law as against them as limited partners. Respondent opposed the motion claiming that the limited partnership was not formed in substantial compliance with the Partnership Law, and that, thus, the appellants are general partners of Fairwood Associates.

Specifically, respondent contends that the certificate of limited partnership was not properly subscribed pursuant to a valid power of attorney and further, that the signature of the general partner did not disclose his authority for signing. In addition, respondent states that proof of publication was not filed in the clerk's office.

Special Term denied appellants' motions to dismiss by orders dated April 27, 1978, on the grounds that the complaint was sufficient on its face, and that appellants' proof, by way of affidavit, was not sufficient to warrant converting the motion to one for summary judgment under CPLR 3211 (subd [c]).

Appellants contend that Fairwood Associates was formed in substantial compliance with the statutory requirements contained in the Partnership Law, and that the liability of appellants is limited by sections 90 and 96 of the Partnership Law.

Section 91 (subd 1, par [a]) of the Partnership Law provides, in part, that "[t]wo or more persons desiring to form a limited partnership shall (a) sign and acknowledge or swear to a certificate, which". This respondent equates with a requirement that each person executing the certificate must personally sign and acknowledge or swear to the certificate. However, a certificate of limited partnership may be executed by a general partner or some other person on behalf of a limited partner pursuant to a power of attorney (1961 Atty Gen [Inf Opns] 65).

Respondent also contends that the failure to file the proofs of publication of the certificate as required by section 91 renders the formation of the limited partnership defective. Although publication of the certificate is an essential element of the proper formation of a limited partnership, the failure to file the affidavits of publication is not a fatal defect *(Buckle v Iler,* 40 Misc 214).

The fact that the power of attorney was not filed with

the certificate on November 8, 1972, does not invalidate the certificate as contended by respondent, providing appellants are able to establish the existence of the power of attorney by producing the instrument establishing the power or by secondary evidence (*Ensign v McKinney*, 30 Hun 249). Here, the instrument containing the power of attorney relied upon by appellants is a matter of record, it being contained in the certificate filed on December 24, 1973. Respondent contends, however, that this power of attorney is defective on its face, since it does not conform to section 5-1501 of the General Obligations Law which provides, in part, that "[t]he execution of this statutory short form power of attorney shall be duly acknowledged by the principal in the manner prescribed for the acknowledgment of a conveyance of real property."

The basis of this contention is apparently the fact that the long-form certificate containing the power of attorney dated October 31, 1972, and filed December 24, 1973, is not acknowledged by any of the signatories. Section 5-1505 of the General Obligations Law also provides, however, that "[n]o provision of this article shall be construed to bar the use of any other or different form of power of attorney desired by the parties concerned." The statute, however, is silent on the question of whether such other or different form of power of attorney must be acknowledged. In the absence of a statutory requirement of an acknowledgment coupled with the fact that a certificate of limited partnership is not required to be acknowledged, but may be sworn to, it would appear that the failure to acknowledge the instrument containing the power of attorney is immaterial to the validity of the instrument executed pursuant to the power. In addition, respondent made no allegation that it relied upon the certificate as defective.

■ As to the contention that the general partner did not sign in proper form, again there has been no claim of prejudice or reliance by respondent. A reading of the partnership agreement together with the certificate would reveal that the partner signing as the attorney in fact is president of the corporation which is a general partner of Fairwood Associates. While it is true that one should always disclose his representative capacity when signing for another, this is not a situation such as when a principal is sought to be held liable for the unauthorized act of an agent. Here, appellants are not disputing their status as limited partners by a defective signing, but rather respondent objects to the signing. Thus, in the absence

of prejudice, respondent appears to have no standing to make such a claim.

■ In view of the fact that the certificate of limited partnership omitted nothing of substance required to be contained therein by the statute, and there is no claim that anything contained therein is false, or that the defects complained of misled and injured respondent, it would appear that there was substantial compliance with the statute, and the limited partnership was validly formed.

■ Respondent's complaint, at least inferentially, is predicated upon the issue of the amount of control exerted by the limited partners over the business. Section 96 of the Partnership Law imposes liability upon a limited partner as a general partner where the limited partner takes part in the control of the business. The issue of the extent of a limited partner's participation in the control of the business is an issue of fact requiring a trial.

The orders should be affirmed, with costs.

SWEENEY, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Orders affirmed, with costs.