Jack M. Weinstein, Esq. Counsel, Queens County Clerk's Office
You have asked whether a limited partnership may become a general partner in a general partnership. If it may, you also inquire whether the filing requirements of General Business Law, § 130(1) apply, and if so, whether the partnership certificate must be signed by each of the partners of the limited partnership.
The interrelated definitions contained in the Partnership Law, §§ 2,10 and 90, allow a limited partnership to serve as a general partner in a general partnership. Section 10(1) defines a partnership as an association of two or more "persons" to carry on, as co-owners, a business for profit. The word "person" is in turn defined to include partnerships (Partnership Law, § 2). A limited partnership is itself defined as a partnership formed by two or more persons under the provisions of section 91, having as members one or more general partners and one or more limited partners (id., § 90). Since a limited partnership is by definition a partnership, it follows that a limited partnership may associate itself with a general partnership as a general partner. This conclusion is consistent with a recent opinion in which we stated that a limited partnership may become a general partner in a new limited partnership, as well as an earlier opinion concluding that a general partnership may become a partner in a limited partnership (1980 Op Atty Gen [Inf] 228; 1972 Op Atty Gen [Inf] 272).
Under section 130(1) of the General Business Law, any person other than a corporation who intends to transact business either under an assumed name or as a member of a partnership must file a certificate with the county clerk of each county in which the business is to be conducted (General Business Law, § 130[1][a]). The certificate must designate the business' assumed name, if any, its address, each of the partners' names and addresses, the names and addresses of the persons who conduct the business, as well as the age of any minor conducting the business (ibid.). However, section 130(7) specifically states that the filing requirements of section 130(1) "shall not apply to a limited partnership." Instead, a limited partnership, when initially formed, must file its certificate pursuant to section 91 of the Partnership Law (1980 Op Atty Gen [Inf] 228, 229). Under section 91(1)(b), two or more persons desiring to form a limited partnership must sign and acknowledge and file a certificate in the office of the county clerk of the county where the partnership's principal office is located.
When the limited partnership joins a general partnership or becomes a member of a new general partnership as a general partner, it will have to amend its certificate if there is a change either in the character of the limited partnership's business or in the location of its principal place of business (Partnership Law, § 113[2][f]). The general partnership with which the limited partnership becomes associated as a partner must in any event file a certificate or, if it is an existing partnership, an amended certificate under section 130(1)(a), (3) of the General Business Law. The original certificate must include the names of the person conducting the business including the names of all partners and must be signed and acknowledged by all persons conducting the business (emphasis supplied; id., § 130[1][a]). An existing certificate must be amended by adding the names of additional partners and must be signed and acknowledged by the new partners and by any one or more of the other persons named in the original or last amended certificate, unless otherwise provided by an order of the Supreme Court (id., § 130[3]).
Thus, the names of each partner of a limited partnership which becomes a member of a general partnership must be stated in the certificate of the general partnership and each such partner must sign and acknowledge the certificate or amendment.
The Third Department has held that a certificate of limited partnership may be executed by a general partner of the limited partnership or some other person on behalf of a limited partner pursuant to a power of attorney (Micheli Contracting Corp. v Fairwood Assoc., 68 A.D.2d 460, 463
[3d Dept, 1979]). By the same reasoning, a limited partner should be able to designate by power of attorney one of the limited partnership's general partners to execute on his behalf the original or amended certificate required by section 130(3).
We conclude that a limited partnership may become a general partner in a general partnership. The partnership with which the limited partnership becomes associated must reflect in its certificate the addition of the limited partnership as a partner. This amended certificate must be executed and acknowledged by the members of the limited partnership; however, a limited partner may designate one of the limited partnership's general partners to execute the amended certificate on his behalf.