Patrick H. NeMoyer, Esq. County Attorney, Erie
You have asked whether the name of a limited partnership may contain the word "limited" or an abbreviation thereof in the absence of any other word or abbreviation indicating that the entity is a limited partnership.
Under the Partnership Law, two or more persons who wish to form a limited partnership in New York must file a certificate with the clerk of the county in which the principal office of the partnership is located (Partnership Law, § 91 [1] [b]). The certificate must set forth the name of the partnership, the location and character of the business and certain information as to the financial relationship between and among the partners (id., § 91 [1] [a]).
The Partnership Law also contains limitations on the name used by a limited partnership. For example, the partnership name may not contain the surname of a limited partner (id., § 94), nor may it be misleading (Buck v Alley, 145 N.Y. 488 [1895]; see Matter of Seigal vCounty Clerk of the County of Queens, 9 Misc.2d 751, 753 [Sup Ct, Queens Co., 1958]; Partnership Law, §§ 80 [continuation of discontinued corporate name], 82 [fictitious firm names prohibited]). Section133 of the General Business Law prohibits the use of any business name or designation "which may deceive or mislead the public as to the identity of such person, firm or corporation" using the name (General Business Law, § 133).
In our view, use of the word "limited", or the designation "Ltd." by a limited partnership is misleading and, therefore, impermissible. "Limited" is a traditional designation of corporate status (1912 Op Atty Gen 65). Indeed, under section 301 of the Business Corporation Law, the name of domestic and foreign corporations doing business in New York must contain the word "corporation", "incorporated", "limited" or an abbreviation thereof (Business Corporation Law, § 301 [a] [1]). The use of any of these terms indicates that the business is a corporation; their use by a limited partnership can only mislead the public into believing they are dealing with a corporation.
In Matter of Seigal (9 Misc.2d 751, 753 [Sup Ct, Queens Co, 1958]), the petitioners were a general partnership that wanted to use the corporate name of a recently-dissolved corporation: "Kass-Seigal Interiors, Ltd.". Section 80 of the Partnership Law allows a general partnership to use the "corporate name" of a discontinued limited partnership or corporation, subject to the consent of a majority of the partners or shareholders of the discontinued entity (Partnership Law, § 80 [2]). In Seigal, the Court found the inclusion of "Ltd." in the successor partnership's name was misleading, and therefore impermissible:
 "While subdivision 2 of section 80 of the Partnership Law authorizes a partnership to use the corporate name of a corporation, as therein provided, such authority was not intended to include in the partnership name thus assumed the word or words or abbreviation thereof which the corporation has used in its corporate name to distinguish it from a natural person, firm or co-partnership. Any other interpretation would result in the likelihood of the public being misled into believing that it was dealing with a corporate entity rather than with a partnership, and this could not have been the legislative intent in light of the provisions of sections 924 and 964 of the Penal Law [now General Business Law, §§ 132, 133]".*
For similar reasons, use of the term "limited" by a limited partnership is also impermissible.
We conclude that the name of a limited partnership may not contain the word "limited" or an abbreviation thereof without any additional indication that the entity is organized as a limited partnership.
* These sections prohibit the use of fictitious co-partnership names (such as the designation " Co." where no actual partner is represented) and the use of any name or address with the intent to deceive (General Business Law, §§ 132, 133).