DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

JUNE TERM, 1896.

CHARLES R. MYERS, PLAINTIFF IN ERROR, v. THE EDISON GENERAL ELECTRIC COMPANY, DEFENDANT IN ERROR.

A certificate and affidavit filed for the purpose of forming a limited partnership, pursuant to the statute of the State of New York in such case provided, were dated and filed on the 5th of January, 1892. The former stated the sum contributed by M., the special partner, and the latter, that said sum had actually and in good faith been paid in cash. The partnership was to commence at the date above stated. The sum contributed by M. was not, in fact, paid until the 12th of January, 1892. *Held*, that the statement of the affidavit as to the payment was false within the meaning of the statute, and that M. was liable as a general partner for the claim sued upon.

On error to the Supreme Court.

For the plaintiff in error, *David J. Pancoast*.

For the defendant in error, *Francis J. Swayze*.

153

The opinion of the court was delivered by

THE CHANCELLOR. This action is for the recovery of an indebtedness for rent due to the defendant in error from the firm of Poggi & Company, composed of William E. Poggi, Edith A. Poggi and Charles R. Myers, doing business in the city of New York. Charles R. Myers defends upon the ground that he was a special partner in the firm, and that because thereof his liability for the debts of the firm is limited to the $5,000 which he contributed to the capital, no part of which was withdrawn.

The partnership was formed under the statute of the State of New York relating to limited partnerships, which, among other things, provides that when the certificate of such a partnership required by the statute shall be filed, an affidavit by one or more of the general partners shall also be filed in the same office, " stating the sums specified in the certificate to have been contributed by each of the special partners to the common stock, have been actually and in good faith paid in cash," and also that " if any false statement be made in such * * * affidavit all the persons interested in such partnership shall be liable for all the engagements thereof as general partners."

The case was tried before the Circuit judge in Essex county, a jury having been waived, who found as fact that the partnership commenced on the 5th of January, 1892, and that on that day, in pursuance of the requirement of the statute, a certificate that Charles R. Myers had contributed the sum of $5,000 as capital to the common stock of the partnership, together with an affidavit made by William E. Poggi, that " the sum of $5,000, the capital to be contributed to said firm by the special partner, Charles R. Myers, has been actually and in good faith paid in in cash," were duly filed, and also that the money so sworn to have been actually paid on or prior to the 5th of January, 1892, was not actually paid until the 12th of January in that year.

The latter finding is in effect that the affidavit was false within the meaning of the statute, in the particular that at its

date the $5,000 was actually paid. This finding of the judge appears to have been upon conflicting evidence which would admit of his conclusion, and therefore not to be subject to review upon error. *Doolittle* v. *Willet*, 28 *Vroom* 398. We deem the finding of the fact stated to be decisive of this case. Because of the false statement in the affidavit, the statute, as has been seen, expressly makes the defendant Myers liable for all the engagements of the partnership.

In *Durant* v. *Abendroth*, 69 *N. Y.* 148, the Court of Appeals in the State of New York dealt with a case in which the partnership was entered into on the 23d of December, 1870, on which day affidavit was duly made that the money specified in the certificate of partnership to have been contributed by the special partner, "has been actually and in good faith paid in cash," when the fact was that on that day the special partner gave his check, dated December 31st, 1870, which was paid on the 2d of January, 1871. Upon this state of facts the court held that the affidavit was false within the meaning of the statute, and that the intended special partner was liable as general partner for the debts of the firm. Judge Rapallo, who delivered the opinion of the court, said :

"The statute peremptorily requires an affidavit that the capital has been actually paid in cash, and withholds its protection from the special partner if the affidavit be not true. The object of this provision is to secure certainty, and to prevent equivocal transactions in the formation of these partnerships. Nothing but cash satisfies its requirement. No engagement or security, however good, can be substituted even temporarily, and the affidavit of the actual payment must be filed with the certificate. However honest the intention of the parties may be, if this affidavit is not absolutely true, the consequences prescribed by the statute must follow, and they cannot be averted by a subsequent payment, nor by the consideration that no injury resulted to any creditor from the affidavit not being true when made.

"The payment in this case was made by a check of the

special partner dated, and therefore payable, on the 31st of December, 1870. This clearly was not cash on the 23d, when it was delivered to the general partners and the affidavit was made. It was, in fact, paid on presentation on the 2d of January, 1871."

So far as the question we consider is concerned, the case thus decided appears to be precisely in point. It is the deliverance of the court of last resort of New York, and it remains undisturbed. *Buck* v. *Alley*, 145 *N. Y.* 488, 494. It coincides with our interpretation of the statute, and therefore it is not necessary that we shall determine its importance as an authoritative interpretation of the meaning of the law. *American Print Works* v. *Lawrence*, 3 *Zab.* 590; *Black* v. *Delaware and Raritan Canal Co.*, 7 *C. E. Gr.* 130, 422.

Other questions are presented by the assignment of error, but as the point decided is sufficient to sustain the plaintiff's recovery, it is unnecessary to pass upon them.

The judgment of the Supreme Court will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 15.

*For reversal*—None.