IN THE

# SUPREME COURT OF JUDICATURE

●

OF THE

# STATE OF NEW JERSEY.

FEBRUARY TERM, 1901.

---

FRANCESCO PISANO, ADMINISTRATOR OF LORENZO PISANO, DECEASED, v. B. M. & J. F. SHANLEY COMPANY, A CORPORATION.

Argued November 7, 1900—Decided February 25, 1901.

1. In an action by an administrator appointed by letters issued by the surrogate of the county of Essex, in this state, to recover damages for death caused by wrongful act, neglect or default, under the statute (*Gen. Stat., p.* 1188), the declaration averred that the wrongful act of the defendant causing death was done in this state and that the deceased died here. The defendant pleaded that the grievances in the declaration mentioned were committed jointly by the defendant and the Pennsylvania Railroad Company, a corporation of the State of Pennsylvania, and that one G. Branchi, being the administrator of the said deceased duly appointed by the Surrogate's Court of the county of New York, by his deed, under seal, &c., did release and discharge said Pennsylvania Railroad Company from all claims and demands which the said Branchi, as administrator, had or might have against the said Pennsylvania Railroad Company by reason of the personal injuries sustained by the deceased, whereby he lost his life, &c. *Held—*

1. That a replication that the defendant and the Pennsylvania Railroad Company were not joint tort-feasors, is good as a traverse of a material averment in the plea.

2. A replication which sets out that the deceased, at the time of his death, was a resident of and domiciled in the State of New Jersey; that the cause of action arose in the State of New Jersey and has always been outside of the State of New York, is a good replication to a plea alleging release by an administrator appointed in the State of New York.

3. The grant of administration on the personal estate of a deceased is vested primarily in the courts of his domicile. Administration taken out in another state is ancillary to the administration in the forum of the domicile.

2. The damages recovered under the statute, being the property of the widow and next of kin, do not go into the personal estate of the deceased to be applied to the payment of debts. The action is brought wholly for the benefit of the widow and next of kin, and the administrator on the record is a formal party for the maintenance of the action. Where the cause of action arose in this state, and is prosecuted by an administrator appointed in this state, a release given by a foreign administrator, without the approbation or consent of the widow and next of kin, is a nullity.

3. A replication to a plea setting up a release by the foreign administrator, charging that the defendant, fraudulently contriving with the railroad company to deprive the widow and next of kin of the rights and benefits accruing to them under the statute, procured the said foreign administrator to be appointed for the purpose of having him release all right of action vested in the personal representative of the deceased, and that the foreign administrator, carrying out the design of the said conspiracy, fraudulently and secretly, without the consent of the widow or next of kin, by false representations, obtained the grant of letters in New York, is good.

4. To maintain the case set up in this replication it is not necessary to attack the grant of administration in New York, nor is it necessary to have it set aside. The next of kin in this state who are prosecuting this suit may avoid a settlement for fraud such as is charged in this replication, without having the letters to Branchi in New York vacated or the release set aside by a formal suit. So far as this suit is concerned, the letters in New York and the release by the foreign administrator are nullities.

In tort. On demurrer to the replication.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON and COLLINS.

For the plaintiff, *Samuel Kalisch* and *Chauncey G. Parker.*

For the defendant, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. This was an action of tort to recover damages under the act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default." *Gen. Stat., p.* 1188. The plaintiff avers in his declaration that the deceased left him surviving a widow and a brother, who is the plaintiff in this suit, and that they were his next of kin, whereby an action by force of the statute accrued to the plaintiff as administrator. The declaration also sets out that on the 11th of April, 1899, the deceased was in the employ of the defendant as a stonecutter; that the defendant was engaged in repairing and reconstructing a certain bridge across the Passaic river at the city of Newark, which said bridge contained a draw operated by steam power. It avers that it became necessary, in repairing and constructing said bridge, to do work on a stone pier supporting the bridge and upon which the draw of the said bridge rests. It also avers that persons who were at work on said stone pier were necessarily under the draw of the bridge, and unless they had timely notice or warning of the opening of said draw, were in danger of being crushed against the pier of the said bridge; that the employes who were at work on said stone pier were unable, from the position they were obliged to take in performing their respective duties, to have any knowledge or notice when said draw was about to be opened, and were necessarily dependent upon actual timely notice or warning being given them by the defendant when said draw was about to be opened, so as to give them an opportunity to reach a place of safety. It further avers that it became and was the duty of the defendant to use due and proper care in the selection of its servants, and to use due and proper care to provide and maintain a safe place for its servants to perform their work in, and to use due and proper care that timely warning or notice should be given to its servants employed upon said pier of the opening of said draw; yet said defendant, not regarding its duty, &c., did not use due and proper care in the selection of its servants, and did not use due and proper

care to provide and maintain a safe place for its servants to perform their work in, and did not use due and proper care that timely warning or notice should be given to its servants employed upon said pier of the opening of said draw, but carelessly, negligently and improperly suffered and permitted said draw of said bridge to be opened without first having given a timely warning or notice to the said deceased, who was then and there working on said pier in the lawful discharge of his duties, so that the deceased was then and there crushed between the said pier and said bridge, and then and there sustained mortal injuries, of which said mortal injuries he then and there instantly died.

To this declaration the defendant pleaded, first, the general issue, and secondly, that the grievances in said declaration mentioned were committed jointly by the said defendant and the Pennsylvania Railroad Company, a corporation of the State of Pennsylvania, the lessee of the United New Jersey Railroad and Canal Company, a corporation of this state, and after the committing of the said alleged grievances in said declaration mentioned, and before the commencement of this suit, &c., one G. Branchi, being the administrator of all and singular the goods, chattels and credits of the said Lorenzo Pisano, duly appointed by the Surrogate's Court of the county of New York, in the State of New York (of which county the said Lorenzo Pisano was a resident at the time of his death), by his deed or writing of release, sealed with his seal, &c., did remise, release and forever quit-claim and discharge unto the said Pennsylvania Railroad Company and its lessor, the United New Jersey Railroad and Canal Company, &c., all claims and demands which the said G. Branchi, as administrator as aforesaid, had or could or might have against the said Pennsylvania Railroad Company and its lessor, the United New Jersey Railroad and Canal Company, or either of them, or their or either of their successors, for or by reason of any matter, cause or thing whatsoever, and more especially by reason of the personal injuries sustained by the said Lorenzo Pisano while at work upon the bridge of said company, whereby he lost his life, &c.

To this plea the plaintiff filed several replications, of which at this time the following only are material to this discussion: (1) that the plaintiff ought not to be debarred from having and maintaining his aforesaid action thereof against said defendant, because he saith that the said grievances in the said declaration mentioned were not committed jointly by the defendant and the Pennsylvania Railroad Company, &c.; (3) that the said Pisano, deceased, was a resident of and domiciled in the State of New Jersey, and not in the State of New York; that the said Pennsylvania Railroad Company was from thence hitherto a resident of and domiciled in the State of Pennsylvania, and not in the State of New York, and the said cause of action mentioned in the said declaration was then and there and has always been outside of the State of New York, to wit, in the county of Essex, &c.; (4) that the said defendant, fraudulently contriving with the Pennsylvania Railroad Company, its servants and the said G. Branchi, and divers other persons unknown to the plaintiff, to deprive the widow of said Lorenzo Pisano and said plaintiff, the next of kin, &c., of all the rights and benefits accruing to them by reason of the grievances mentioned in the plaintiff's declaration, then and there confederated together to procure, without the knowledge or consent of said plaintiff and said widow, and secretly procured said G. Branchi, who was of no financial responsibility, to be appointed administrator of the deceased, and that after he had become such administrator, he should then and there release all action and right of action vested in the personal representative of said deceased for a purely nominal and grossly inadequate consideration, and that said Branchi, carrying out the design of the said conspiracy, fraudulently and secretly, without the knowledge or consent of said plaintiff or said widow, by false representations to said Surrogate's Court of the county of New York, that he was a proper person to be administrator, and that he had consent and authority of said widow and said plaintiff to become said administrator and to act as such, &c., &c.; with the further averment that the said Branchi fraudulently and for a purely

nominal and grossly inadequate consideration, by and through the procurement of the said defendant and said Pennsylvania Railroad Company, then and there sealed and delivered to the said Pennsylvania Railroad Company the said release in said plea secondly above mentioned; wherefore, &c.

To the first, third and fourth of these replications the defendant demurred.

The first replication to the second plea is good. The plea avers that the grievances whereof the plaintiff complained were committed jointly by the defendant and the Pennsylvania Railroad Company, the lessee of the United New Jersey Railroad and Canal Company. It sets out a release to the Pennsylvania Railroad Company and its lessor, the United New Jersey Railroad and Canal Company. The allegation in the plea is that the defendant and the Pennsylvania Railroad Company were joint tort-feasors. This replication traverses the allegation in the plea, which is supposed to lay the foundation for the contention that a release of one would operate as a release of both. The plaintiff joins the issue tendered by the defendant in its plea when he denies that the grievances were committed jointly by the defendant and the Pennsylvania Railroad Company. It will also be observed that the plea does not allege satisfaction, but simply a release. Whatever effect satisfaction for the injury complained of, made by a third party, may have upon a suit of this character, a simple release to a stranger would not be a bar.

The third replication is directed to that part of the plea which relates to the administration of Branchi in the State of New York. It avers that the deceased, at the time of his death, was a resident of and domiciled in the State of New Jersey; that the cause of action arose in the State of New Jersey, and has always been outside of the State of New York.

The grant of administration on the personal estate of a deceased is vested primarily in the courts of his domicile. Administration taken out in another state is ancillary to the administration in the forum of the domicile. Such an administration depends upon the fact that there is property within the foreign jurisdiction to be administered upon and

debts there to be paid, or for the purpose of collecting the property of the deceased, realizing upon it and remitting the proceeds to the primary administrator. The grant of administration operates only within the jurisdiction where it is granted. It gives no legal right to collect debts or recover the possession of property elsewhere. When a foreign administrator is appointed in another state, his appointment is ancillary to the administration in the place of the domicile. For property which he obtains within the jurisdiction where his letters are granted, after payment of debts in that locality, he accounts to the administrator at the domicile of the deceased. *Normand's Administrator* v. *Grognard,* 2 *C. E. Gr.* 425; *Pratt* v. *Douglas,* 11 *Stew. Eq.* 516; 1 *Story Confl. L.,* § 514.

In this case the letters of administration to the plaintiff were granted by the court of the domicile of the deceased, and the suit now being prosecuted is upon a cause of action that arose in this state. The replication sets out that the deceased, at the time of his death, was a resident of and domiciled in the State of New Jersey, and the cause of action mentioned in the declaration arose in the county of Essex. The letters granted to Branchi were taken out in another jurisdiction, without proof of any assets appearing in the foreign jurisdiction. Under that grant of letters it is sought to defeat the right of the home administrator to recover on a cause of action that arose in this state. For that purpose the grant of letters to Branchi was a nullity.

By the statute the amount recovered in this suit does not go into the personal estate of the deceased, to be applied to the payment of his debts. It is brought for the benefit of the widow and next of kin, and is a suit wholly for the benefit of those persons. *Cooper* v. *Share Electric Co.,* 34 *Vroom* 558. The administrator upon the record, whoever he is, is a formal party for the maintenance of the action.

There are decisions in the courts of our sister states holding that the administrator in actions of this sort is so purely a formal party that his release or discharge of the cause of action, without the consent of the beneficiaries, will not be

permitted. It is not necessary to review the decisions on this subject. It is quite sufficient that the plea contains no averment that the letters of administration to Branchi were obtained at the instance of the widow or next of kin, the parties beneficially interested, or that the release was made with their approbation and consent. The release, under these circumstances, will not discharge the cause of action which by our statute became vested in the plaintiff under the grant of letters of administration in this state for the benefit of the widow and next of kin.

The grounds of demurrer assigned to the fourth replication are (*a*) that it attempts to attack collaterally the proceedings of a tribunal of the State of New York wherein Branchi was appointed administrator of the deceased; and (*b*) that said plaintiff cannot avail himself against the defendant of matters set up in said replication without having first, by appropriate proceedings against the Pennsylvania Railroad Company, avoided said release; and (*c*) that said plaintiff cannot avail himself against the defendant of matters set up in said replication without having first set aside the appointment of Branchi as administrator of the deceased.

In this replication it was not necessary to deny the fact that Branchi had become an administrator in New York. His administration in that state may stand for what it is worth. The charge in substance is that the defendant fraudulently contrived with the railroad company and with Branchi to deprive the widow of the deceased and the plaintiff, the next of kin, of all the rights and benefits accruing to them, and then and there confederated together to procure, without the knowledge or consent of the plaintiff or the said widow, and procured said Branchi to be appointed administrator, for the purpose of having him release all right of action vested in the personal representatives of the deceased for a purely nominal and grossly inadequate consideration, and that Branchi, carrying out the design of the said conspiracy, fraudulently and secretly, without the consent of the widow or next of kin, by false representations, obtained the grant of letters in New York.

The charge in this replication is of conduct grossly fraudulent—that it was sought to be consummated by obtaining letters of administration in New York as a means of carrying out a fraudulent design. To maintain the case set up in this replication it is not necessary to attack the grant of administration in New York, nor is it necessary to have it set aside. The next of kin in this state who are prosecuting this suit may avoid a settlement for fraud such as is charged in this replication and admitted by this demurrer, without having the letters to Branchi in New York vacated or the release set aside by formal suit. So far as this suit is concerned, the letters in New York and the release by Branchi are nullities.

The judgment on the demurrer to these replications must be in favor of the plaintiff.