ROUBICEK & ZOBEL, DEFENDANTS IN CERTIORARI, v. JOHN T. HADDAD, PLAINTIFF IN CERTIORARI.

Argued November 6, 1901—Decided March 31, 1902.

1. Where a suit is brought upon a contract made in a sister state, the *lex loci contractus* must control in determining its validity as to the form and solemnities to be observed in its creation.
2. In interpreting the foreign statute as applied to the contract in question, the court were the suit is brought will follow the rules of interpretation as laid down by the courts of such foreign state.
3. Under the statute of frauds of New York (1 *Laws of N. Y.* 511), every contract for the sale of goods of the value of $50 or more, where the buyer does not accept and receive part of the goods sold, nor pay any part of the purchase-money, is void, unless such contract, or some note or memorandum thereof, is in writing, to be signed, &c.
4. Where a defendant, who was doing a retail trade in Atlantic City, New Jersey, ordered the plaintiffs, who were importers and manufacturers of Bohemian glass novelties, &c., in the city of New

York, an assortment of watch cases and cologne articles to be thereafter manufactured in Europe, with the words "Atlantic City" thereon, for the special use of defendant's trade, it was held, following the decisions of the State of New York, that this was not a contract of sale, but for work, labor and materials, and hence not a contract within the statute of frauds.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari, Eli H. Chandler.*

For the defendants in *certiorari, William M. Clevenger.*

The opinion of the court was delivered by

HENDRICKSON, J.  The judgment under review was rendered in the District Court of the city of Atlantic City, against the plaintiff in *certiorari,* for the sum of $77.13 debt, besides costs.  Of this judgment the sum of $63.27, which was the amount in dispute, was for a bill of goods ordered by the defendant of the plaintiffs in the action, who were importers and manufacturers of Bohemian glass novelties and jewelry, doing business in the city of New York.  These goods consisted of an assortment of watch cases and cologne articles.  The contract for the goods was not in writing, and no part of the purchase-money was paid.  The defence offered in the District Court was that the transaction was a contract for the sale of goods, which was void because not made in compliance with the requirements of the statute of frauds.  The reply was that the contract was not within the statute, and if it were, there had been a receipt and acceptance sufficient to satisfy the statute.  The acceptance was denied.  The court found in favor of the plaintiff upon both points, holding that the contract was not one of sale, but for work and materials, and was not within the statute, and that there was an acceptance of the goods.  These are the questions before us for review.

It appears from the finding of fact that the goods were ordered of the plaintiffs at their store, in the city of New York, and the contract having been made there, the *lex loci contractus* must control in determining its validity as to the form and solemnities to be observed in its creation. *Dacosta* v. *Davis,* 4 *Zab.* 319; *Story Confl. L.* (*Redf. ed.*) 234, 240.

The statute of frauds of that state (1 *Laws of N. Y.* 511) was offered in evidence, and is nearly identical in its provisions with our own statute on that subject. It is therein enacted, in substance, that every contract for the sale of goods, &c., of the value of $50 or more, where the buyer does not accept and receive part of the goods sold, nor pay any part of the purchase-money, is void, unless such contract, or some note or memorandum thereof, is in writing, signed by the party to be charged therewith or by his lawful agent.

The pertinent facts appearing from the finding and the correspondence returned as a part thereof are that the goods ordered were not at the time in stock in the store, but were to be manufactured in Europe and to be there marked with the words "Atlantic City," and were sold on sample, to be shipped to the defendant at his store in Atlantic City, New Jersey. It also appears that the marking of the goods was to be done in the process of manufacture, and they were to be so marked for the benefit of the defendant's trade in that city.

In seeking the true interpretation of the statutes of a sister state, as applied to a contract like the one in question, the court will be governed by the rules and principles relating thereto as laid down by the courts of that state. *American Print Works* v. *Lawrence,* 3 *Zab.* 590; *Black* v. *Delaware and Raritan Canal Co.,* 7 *C. E. Gr.* 130; *Myers* v. *Edison General Electric Cq.,* 30 *Vroom* 153. Looking, then, to the decisions of the State of New York in the solution of the question before us, it must be observed that the courts of that state, following the earlier English cases, laid down the rule that if the goods bargained for do not exist *in solido* at the time, the contract is one for work and labor; but if they are in existence at the time, then the contract is a contract of sale,

notwithstanding the fact that work and labor of the vendor is to be expended upon them before their delivery. Such was the ruling in the early case of *Sewell* v. *Fitch,* 8 *Cow.* 215, where it was held that a contract for nails thereafter to be manufactured was not a contract for the sale of goods within the statute of frauds, but was more properly a contract for work, labor and materials to be found. The following cases in that state are in accord with the rule thus laid down: *Crookshank* v. *Burrell,* 18 *Johns.* 58; *Robertson* v. *Vaughn,* 5 *Sandf.* 1; *Donovan* v. *Willson,* 26 *Barb.* 138; *Cooke* v. *Millard,* 65 *N. Y.* 352; *Parsons* v. *Loucks,* 48 *Id.* 17.

Under the rule as here stated it is apparent that the order for the goods in this case was not a contract for sale within the statute, for the reason that the goods were not then in existence, but had to be thereafter manufactured in Europe before delivery. It should be stated, however, that the courts of the State of New York have more recently shown a disposition to qualify the rule thus stated to some extent, and to make it conform more closely to the rule as adopted in the later English and American cases. Thus in *Passaic Manufacturing Co.* v. *Hoffman,* 3 *Daly* 495, it is held that if the article to be manufactured to fill the order under the contract was one that was manufactured and supplied to the trade generally, it would be a sale within the statute; but if it was one specially manufactured for the trade of the person ordering it, then the contract would be one for work and labor and not within the statute.

So in *Donnell* v. *Hearn,* 12 *Daly* 230, it was held that an agreement to manufacture lamps, which are not usually kept in stock, nor usually manufactured for purposes of sale, is not within the statute.

And in *Hinds* v. *Kellogg,* 13 *N. Y. Supp.* 922; *affirmed,* 133 *N. Y.* 536, it is held that an order for the manufacture of circulars, to be used exclusively in the business of the person giving the order, and not adapted to any other purpose, is not a sale within the statute of frauds. To the same effect is *Pelletreau* v. *United States Electric Light and Power Co.,* 34 *N. Y. Supp.* 125.

Taking these later cases in New York as our guide, it still appears that the contract we are considering was not within the statute, for the facts show that the fancy articles ordered were to be manufactured with the name "Atlantic City" thereon, to suit the particular trade of the defendant in that city. They were not kept in stock by the plaintiffs, and plainly were unsuitable for general traffic. The result reached is also in accord with the cases in this state. *Finney* v. *Apgar, 2 Vroom* 266. The conclusion thus reached renders it unnecessary to consider whether the facts were sufficient to justify the finding that there was an acceptance sufficient to satisfy the statute of frauds. The judgment below is affirmed, with costs.