H. RUSSELL MORSS, Jr., ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF FRANK L. HALLER, DE-CEASED, PLAINTIFF, v. THOMAS R. ALLEN, DEFEND-ANT.

Argued April 16, 1938—Decided May 10, 1938.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the plaintiff, *Joseph C. Paul.*

For the defendant, *Howard Eastwood.*

PERSKIE, J.  How much, if any, of the moneys paid by defendant to the parents of a deceased son, in full release of defendant's liability for the wrongful death of the son suffered as the result of an automobile accident which occurred in our state, shall be applied or credited upon the application to satisfy the judgment subsequently recovered by the administrator *ad prosequendum,* under our Death act, for the benefit of all the next of kin (decedent's parents, two brothers and two sisters) when, as here, the parents are residents of California and under the law of that state are the sole next of kin of the decedent?

The facts are stipulated.  On June 22d, 1935, Frank L. Haller was a passenger in a car which was struck by defendant's car on Public Highway No. 40 of our state.  As a result of the injuries suffered from the accident Haller died.  At the time of his death he was in the service of the United States navy and was stationed at Lakehurst, New Jersey. But he was a resident of California, and so were his parents, his two brothers and his two sisters, all surviving him.  Under the laws of California the mother and father are the sole next of kin.  On November 16th, 1935, the mother and father in consideration of $1,750 paid to them by defendant executed an instrument, in California, releasing defendant from all liability for the death of their son.  On April 30th, 1936, the surrogate of Ocean county appointed H. Russell Morss, Jr., as administrator *ad prosequendum* of the estate of the decedent.  Thereafter, in May of 1936, he instituted suit in the Supreme Court of this state against the defendant, under our Death act, for the benefit of all of the next of kin of the decedent; namely, his parents, two brothers and two sisters.

At the trial of the cause the learned trial judge refused to permit the jury to consider the payment made to the parents either as a bar to plaintiff's cause of action or in mitigation of plaintiff's damages. The trial judge made clear to the jury that "defendant must seek credit for this payment in some other proceeding that may be associated with the judgment, or collection or payment of the judgment in this proceeding if and after the rendition of a verdict in favor of the plaintiff at the trial." This was proper. The proof of payment was not offered by defendant, in the event he be held liable, to prove payment by another party to the plaintiff for the damages arising out of the same accident. *Cf. Brandstein* v. *Ironbound Transportation Co.*, 112 *N. J. L.* 585; 172 *Atl. Rep.* 580; *Lombardo* v. *Creamer,* 113 *N. J. L.* 117: 172 *Atl. Rep.* 584; *Moss* v. *Cherdak,* 114 *N. J. L.* 332; 176 *Atl. Rep.* 333. It was offered as a credit for moneys which he himself paid.

The jury returned a verdict of $2,700 in favor of the plaintiff and against the defendant. Judgment was entered in this court on January 31st, 1938.

Thereafter defendant deposited with the clerk of the court the sum of $1,024.18 in payment of the satisfaction of the judgment and costs, *i. e.*, the difference between the amount of the judgment and costs less the payment of $1,750 made to the parents, as aforesaid. Plaintiff refused to satisfy the judgment upon the proffered basis. Defendant invokes the aid of the court. *Rev. Stat.* 1937, 2:27-313, 314.

Plaintiff resists this application upon the alternate grounds (1) that the payment to the parents was voluntary, and, therefore, defendant is not entitled to *any* credit; (2) that if a credit is to be allowed defendant that it should be equal to the amount only of the distributive share (one-sixth) which each parent would be entitled to receive under the laws of our state, namely, $450 each, or a total of $900.

*First:* The place of wrong, as already stated, was in our state. It is well stated that "the law of the place of wrong governs the right of action for death." *Restatement on Conflict of Laws* 479, § 391. And if the statute of the place of

wrong provides that the distribution shall be made to the "next of kin" (it is so provided in our Death act; *Rev. Stat.* 2:47-4), the law of that state determines who are the next of kin and not the law of the domicil of the decedent if that, as here, is in a different state. The amount recovered under our Death act is for the "exclusive benefit of the widow, surviving husband and the 'next of kin' of the decedent" and must be distributed to them in the proportion provided by law for the distribution of the personal property of intestates. Since decedent left no widow, and no children, the amount recovered has to be distributed "equally among [his surviving] parents, brothers and sisters." *Rev. Stat.* 3:5-4. It is distributed by the general administrator. Because of this, the statute (*Rev. Stat.* 2:47-6), further provides that satisfaction of the judgment recovered by the administrator *ad prosequendum* shall be made only to a general administrator. *Sakos* v. *Byers,* 112 *N. J. L.* 256; 169 *Atl. Rep.* 705, and cases therein cited. Notwithstanding the fact that here payment was not made to the general administrator, the parents are surely not entitled to be twice paid for their proportionate share of the damages arising out of the same accident. For the law abhors double satisfaction of an obligation.

*Second:* In light of what has been written we next approach the consideration and determination of the specific basis upon which defendant shall be entitled to a satisfaction of the judgment recovered against him. This determination is predicated upon the fundamental and inherent equitable power of this court to protect and so to control its process as to prevent abuse and injustice. Equitable principles apply. *Luparelli* v. *U. S. Fire Insurance Co.,* 117 *N. J. L.* 342; 183 *Atl. Rep.* 451; *affirmed,* 118 *N. J. L.* 565; 194 *Atl. Rep.* 185. *Cf. West Jersey Trust Co.* v. *Bigham,* 118 *N. J. L.* 160; 191 *Atl. Rep.* 743.

What are the equities? If, on the one hand, full credit be allowed defendant for all the moneys paid to the parents, the result would be that the brothers and sisters would, without fault on their part, be deprived of their proportionate share of the amount recovered. That is not equitable. On the

other hand, if no credit be allowed for the moneys so paid by defendant, the result would be that the parents would receive double satisfaction. That, too, is not equitable. I therefore conclude that defendant is entitled to a credit for that sum only to which each parent is entitled under our intestate laws concerning the distribution of personal property. Everyone entitled to participate in the fund thus obtains his proper, distributive share. That is both just and equitable. This means that each parent is entitled to one-sixth of the amount of the judgment, namely, $450, or a total of $900. True, on this basis defendant will lose $850, since a total of $1,750 was paid to the parents. But for this loss defendant alone is to blame, for to the extent of $850 the payment was a voluntary one. *Cf. Sutton* v. *Metropolitan Casualty Company of New York,* 117 *N. J. L.* 21; 186 *Atl. Rep.* 465.

An order will be made for the satisfaction of the judgment in accordance with this opinion.