23 N.J. Super. 599 (1952)
93 A.2d 812
SAMUEL WASSERMAN, ADMINISTRATOR AND ANCILLARY ADMINISTRATOR OF THE ESTATE OF IRWIN WASSERMAN, DECEASED, PLAINTIFF,
v.
STANLEY TANNENBAUM AND JEANNETTE TANNENBAUM, SEVERALLY AND JOINTLY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 11, 1952.
*601 Mr. Herbert Horn for the motion (Messrs. Lloyd and Horn, attorneys for the defendants).
Mr. Samuel Backer opposed (Messrs. Backer and Arkus, and Harry A. Gaines, attorneys for the plaintiff).
WOODS, J.S.C.
On December 20, 1951 the late Irwin Wasserman and the defendant Stanley Tannenbaum left Syracuse University in New York State to travel to their homes in Atlantic City, New Jersey. The defendant Stanley Tannenbaum was driving the automobile owned by the defendant Jeannette Tannenbaum, and while crossing the State of Pennsylvania skidded and was involved in an accident as a result of which the said Irwin Wasserman sustained *602 fatal injuries and died in a Binghamton, New York, hospital on the same date. He left surviving him his mother, Sadye Wasserman, and his father, Samuel Wasserman. All of the parties to this cause, including the deceased, were residents of and domiciled in this State at the time of the accident and down to the present time.
This action was instituted by Samuel Wasserman as administrator of his son's estate, having been appointed by the Surrogate for Atlantic County in New Jersey and as ancillary administrator appointed by the Register of Wills of Philadelphia County. The complaint sets forth four counts. The first count is brought by Samuel Wasserman as administrator of the estate of Irwin Wasserman for the benefit of himself and his wife as parents of the decedent, and recites the statutes of Pennsylvania under which recovery may be had on account of wrongful death. The second count is brought by Samuel Wasserman as administrator of the estate of Irwin Wasserman for the benefit of the estate, and alleges the pertinent laws of the State of Pennsylvania. The third count is brought by Samuel Wasserman as ancillary administrator of the decedent, for the benefit of himself and his wife as parents of the deceased, and the fourth count is brought by Samuel Wasserman as ancillary administrator for the benefit of the estate.
The defendants have moved to dismiss the complaint on the ground that the plaintiff has no right to maintain the action as instituted, either in his capacity as general administrator or in his capacity as ancillary administrator appointed by the Register of Wills in Philadelphia, Pennsylvania; or if he is entitled to recover in any capacity, it would be one and not both and that he must make his election.
The general rule is that the law of the place where the accident resulting in death is committed (lex loci delicti) governs the right of the action for wrongful death and also the proper party to bring the suit. In re Carpenter's Estate, 142 N.J. Eq. 772, 61 A.2d 446 (E. & A. 1948); Giardini v. McAdoo, 93 N.J.L. 138, 107 A. 437 (E. & A. 1919); *603 Morss v. Allen, 120 N.J.L. 203, 199 A. 414 (Sup. Ct. 1938). Therefore, we must look to the statutes of Pennsylvania under which recovery may be had on account of wrongful death.
In their argument the defendants claim that the plaintiff as a New Jersey administrator may not institute suit against the defendants under the Wrongful Death Act of Pennsylvania. Title 2, page 488, Rule 2202 of the Supreme Court of Pennsylvania supervenes the statutes so far as they are inconsistent therewith and provides:
"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.
(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages." (Emphasis ours.)
The defendants contend that in interpreting this rule we must take into consideration the definition of the terms used in the rules pertaining to actions for wrongful death. Pennsylvania Rule of Civil Procedure 2201, p. 488, Purdon's Pennsylvania Statutes, Appendix, Title 12 provides:
"`personal representative' means the * * * administrator * * * of the estate of a decedent duly appointed by the Register of Wills of any County of this Commonwealth."
The plaintiff contends that the defendants have not gone far enough in quoting the Pennsylvania statutes and rules in seeking an interpretation of the phrase "an action for wrongful death shall be brought only by the personal representative of the decedent." Counsel quotes Rule 2201  "Definitions":
"As used in this chapter `action' means any civil action or proceeding at law brought in or appealed to any court of record which is subject to these rules.
*604 `Action for wrongful death' means in the case of rules 2202, 2203 and 2206, an action arising under the laws of this Commonwealth and in the case of rules 2204 and 2205, an action arising under the laws of this Commonwealth or any other jurisdiction."
and the official note of the Procedural Rules Committee:
"By the provisions of the Procedural Rules Act of June 21, 1937, P.L. 1982, Section 1, 17 P.S. 61 as amended by the Act of March 30, 1939, No. 13, these rules are applicable to the courts of Common Pleas of the several counties of this Commonwealth, the County Court of Allegheny County, the Municipal Court of Philadelphia and to such courts of civil jurisdiction as may be created in the future by the Legislature. By virtue of the above definition these rules are applicable only to courts of record."
and also declares that Rule 2201 pertaining to definitions must be read in conjunction with other rules in pari materia, especially those expressly promulgated by the Pennsylvania Supreme Court for the interpretation of all rules of procedure. Counsel quotes Purdon's Pennsylvania Statutes, Appendix, Title 12, Rule 76  "Definitions":
"The following words and phrases when used in any rule promulgated by the Supreme Court under the authority of the Act of June 21, 1937, P.L. 1982  as amended and supplemented (17 P.S. sec. 61, et seq.) shall have the following meanings, respectively, unless the context clearly indicates otherwise or the particular word or phrase is expressly defined in the chapter in which the particular rule is included:
`administrator,' a fiduciary appointed under authority of law by a register of Wills or other public authority to administer the estate of a decedent. * * *
`personal representative,' the executor or administrator of a decedent."
Plaintiff asserts that from an examination of all the rules it is evident that the definition of "personal representative" in Rule 2201 cannot possibly have any application to a case instituted in another state, and that to attribute to the definition extra-territorial effect so as to result in the destruction of the long-established principles of interstate comity and of the public policy enunciated by the courts of *605 Pennsylvania, New Jersey and other jurisdictions, cannot be implied.
The question which confronts us at this juncture is: May a suit be maintained in a New Jersey court by an administrator appointed in this State as the personal representative of the estate of a decedent who was killed in the State of Pennsylvania by the alleged negligent act of the defendant?
The action to recover damages for wrongful death is the creation of statute. To the statute we must resort to ascertain the nature of the right and the party in whom it is vested. Usher v. West Jersey R. Co., 126 Pa. St. 206, 17 A. 597, 4 L.R.A. 261 (Sup. Ct. 1889). It is the established rule in all jurisdictions that this statute must be strictly construed.
The American Law Institute Restatement of Law, Conflict of Laws, § 396, page 483, states:
"If the death statute of the state of wrong provides that suit for the death shall be brought by the personal representative of the deceased, recovery can be had only by a person qualified to sue at the forum as personal representative of the deceased."
The comment under this section is as follows:
"a. Any state which has jurisdiction over the defendant may appoint an administrator to prosecute an action for wrongful death under a statute of the place of wrong which creates such a cause of action in favor of the personal representative of the deceased."
"c. If the death statute of the state of wrong names a particular representative to sue, such as the representative appointed in the state of injury, or at the domicile of the deceased, such representative is the only person who can sue; but such representative may sue in any state as the owner of a claim in trust for certain distributees."
It is a well-established rule that a right of action for wrongful death may be enforced in the courts of a jurisdiction other than the one enacting the statute, but the law of the lex loci delicti governs. Likewise, when a "Death Act" statute provides that the suit shall be instituted by the *606 personal representative, an administrator appointed in the state of the forum is a proper party plaintiff, except when otherwise provided by the law of the state in which the wrongful act occurred. See 85 A.L.R. 1231:
"And, generally speaking, the proper parties plaintiff must, in such action at the forum, be determined not by the lex fori, but by the lex loci delicti; so that, if by the lex loci delicti the action is to be maintained in the name of a representative, such representative (aside from the question as to what jurisdiction he must have been appointed in) is the proper party plaintiff to institute the action regardless of the fact that under the statute of the forum such an action must be instituted in the name of another person, since the statute of the forum has no extra-territorial operation, but applies only to an action for death occurring in the forum. See 5 R.C.L. 1042; 8 R.C.L. p. 737."
In the case of Harrill v. South Carolina & G. Extension R. Co., 132 N.C. 655, 44 S.E. 109, 85 A.L.R. 1239 (Sup. Ct. 1903), the court held:
"An administrator appointed in North Carolina could maintain an action in North Carolina for a death occurring in South Carolina under the statute of South Carolina giving the right of action to the administrator and modeled after Lord Campbell's Act, which was substantially similar to the statute of North Carolina on the subject. The court concedes that if the supreme court of South Carolina had construed the statute to the effect that only an administrator appointed in South Carolina could maintain an action thereon, or, if the statute had expressly so provided, the action could not be maintained in North Carolina by an administrator appointed in the latter state." (Emphasis ours.)
And in the case of Nelson v. Chesapeake & O.R. Co., 88 Va. 971, 14 S.E. 838, 15 L.R.A. 583, 85 A.L.R. 1239 (Sup. Ct. App. 1892) in an action in Virginia by a Virginia administrator of a resident of Virginia killed in West Virginia, under the West Virginia statute authorizing the administrator to sue, the court, after having held that the action was transitory and, therefore, enforceable in Virginia although arising under the statute of West Virginia, further held that the Virginia administrator was entitled to sue, *607 for the reason that the West Virginia statute did not say that the suit should be brought only by a personal representative appointed in West Virginia.
In the case of Dickinson v. Jones, 309 Pa. 256, 163 A. 517, 85 A.L.R. 1226 (Sup. Ct. 1932) the court said:
"The question which confronts us on this appeal is: May a suit be maintained in a Pennsylvania court by an administrator appointed in this state of a decedent who was killed in the state of New York by the negligent act of the defendants?"
Judge Schaffer then quoted the law of New York to be:
"The executor or administrator duly appointed in this state, or in any other state * * * of a decedent * * * may maintain an action to recover damages for a wrongful act * * *."
and after quoting from the American Law Institute Restatement, Conflict of Laws, sec. 432, said:
"It is only because New York confers the right of action that it can be maintained; but for the statute of that state there would be no remedy. We enforce the right here under the doctrine of comity."
We refer also to the case of Ghilain v. Couture, 84 N.H. 48, 146 A. 395, 399, 65 A.L.R. 553 (N.H. Sup. Ct. 1929), in which the court in speaking on the New Hampshire Death Act statute said:
"No attempt was made to be specific by limiting the authorized plaintiff to the domiciliary, ancillary or domestic members of the class. The Legislature might have provided that the action be maintained by the personal representative of the deceased appointed by a probate court of this state, or by the ancillary representative of the deceased in the state when recovery should be sought; or it might have provided that the action should be brought in the names of the beneficiaries themselves. Where death statutes have been thus specific or exclusive, it would seem that by the weight of authority, the action can be brought only by the person or persons designated. (Am. L. Inst. Restatement Confl. Laws (Tent.) §§ 431, 432, although there is authority that, because of the remedial character of these statutes, the rights of the beneficiaries will not be allowed to fail for the want of a trustee qualified to bring the action."
*608 We are now called upon to determine whether the Pennsylvania "Death Act" specifically provides that the action must be brought by a personal representative appointed by the register of wills of any county in that commonwealth. The courts of each state are the proper tribunals to construe its statutes, and their construction should be adopted in other jurisdictions in which they may be questioned. American Print Works v. Lawrence, 23 N.J.L. 590, 57 Am. Dec. 420 (E. & A. 1851), affirming 23 N.J.L. 9 (Sup. Ct. 1850). And in interpreting a foreign statute, the court will follow the rules laid down by the courts of the foreign state. Roubicek v. Haddad, 67 N.J.L. 522, 51 A. 938 (Sup. Ct. 1902).
As it happens, as far as we have been able to determine not any of the courts of the State of Pennsylvania have interpreted or construed Rule 2202, particularly with reference to the question before us. That rule, which supervenes the statute, clearly and definitely provides that the action must be instituted by a personal representative appointed by the register of wills of any county of the Commonwealth of Pennsylvania. We base this conclusion on the definition of the phrase "personal representative" as set forth in Rule 2201 and also because in Rule 76 it is expressly stated that "The following words and phrases when used in any rule promulgated by the Supreme Court * * * shall have the following meanings, respectively, unless * * * the particular word or phrase is expressly defined in the chapter in which the particular rule is included: * * *." (Emphasis ours.) The phrase "personal representative" is expressly defined in the "Death Act" rule to mean the "administrator * * * of the estate of a decedent, duly appointed by the Register of Wills of any county of this Commonwealth."
But, was it the intention of the Legislature that this provision should apply when the lex fori is outside the State? The official note annexed to Rule 2201  "Definitions," provides that "these rules are applicable to the courts *609 of common pleas of the several counties of this Commonwealth, the County Court of Allegheny County, the Municipal Court of Philadelphia and to such courts of civil jurisdiction as may be created in the future by the Legislature. By virtue of the above definition these rules are applicable only to courts of record." In the interpretation of statutes, the court must construe the language so as to give effect to the legislative intent. The plain meaning of the words used in a statute may be followed to determine the legislative intent, but where such meaning leads to absurd or futile results, the court may look beyond the words to the purpose of the act. Swick v. School Dist. of Borough of Tarentum, 141 Pa. Super. 246, 14 A.2d 898 (Sup. Ct. 1940). The purpose of this act is set forth in the note of the Procedural Rules Committee under Rule 2202(a). We quote:
"Under the prior practice the personal representative could not bring an action for wrongful death * * *. In authorizing suit by the personal representative, the above rule follows the practice in the majority of the states and in England."
"Suit by the personal representative under the above rule eliminates questions relating to the nonjoinder and misjoinder of parties plaintiff * * *."
The practice in the majority of states authorizes the personal representative, without any limitation as to the place of appointment, to bring a suit under the Death Act. In the case of Dickinson v. Jones, supra, the Supreme Court of Pennsylvania said:
"The argument is made that to permit an administrator raised here to sue in our courts is against our public policy. It is a little difficult to see why this should be so in the case of an administrator subject to the control of our courts, when a foreign administrator over whom they can exercise no authority may maintain such an action. There would certainly be an anomaly in permitting a recovery by an administrator of a foreign state over whom we could exercise no direction or control, and denying it to an administrator created here and fully subject to our jurisdiction." (Emphasis ours.)
*610 "Where a foreign statute has not been construed in the state of enactment, the courts of the state where the cause is on trial will construe it as they would a like statute of their own state." 59 C.J. 946, sec. 565. There is nothing in the language in the rules of the Supreme Court of Pennsylvania showing an intention to restrict the court in the exercise of its powers under the principles of comity, to recognize the domiciliary administrator in the absence of a domestic representative appointed in the state where the wrong occurred when the action is brought in the state of domicile of the decedent, the defendants and the personal representative. It would seem that the rule itself employs the generic term "personal representative," which includes all persons ordinarily appointed to carry out the legitimate objects of administration in any jurisdiction, subject to the qualification in the "Definitions" section which expressly restricts the right to bring a wrongful death action when the wrong occurred in Pennsylvania and the forum is in Pennsylvania to a personal representative "duly appointed by the Register of Wills of any county of this Commonwealth or by any will probated in this Commonwealth."
Remedial acts will be construed to give the words used the most extensive meaning to which they are reasonably susceptible. See Orlosky v. Haskell, 304 Pa. 57, 155 A. 112 (Sup. Ct. 1931).
We conclude that the plaintiff as administrator appointed pursuant to the provisions of the laws of New Jersey is not barred from maintaining the first and second counts of the action by reason of the definition of "personal representative" in Rule 2201 of the Pennsylvania Supreme Court. To attribute to the definition extra-territorial effect so as to result in the destruction of the long-established principles of interstate comity and of the public policy frequently enunciated by the courts of Pennsylvania and New Jersey, as well as other jurisdictions, cannot be implied. The domiciliary administrator is the proper party plaintiff in the courts held within the state of his appointment.
*611 This brings us to the question as to whether or not the plaintiff may maintain this suit as ancillary administrator under the authority granted to him by the Register of Wills of the County of Philadelphia in the Commonwealth of Pennsylvania, and if so, must he make an election as to in which capacity he will sue.
Chief Justice DePue in the case of Pisano v. B.M. & J.F. Shanley Co., 66 N.J.L. 1, 48 A. 618 (Sup. Ct. 1901) said:
"Administration taken out in another state is ancillary to the administration in the forum of the domicile. Such an administration depends upon the fact that there is property within the foreign jurisdiction to be administered upon, and debts there to be paid, or for the purpose of collecting the property of the deceased, realizing upon it and remitting the proceeds to the primary administrator."
In view of the fact that the forum in this case is New Jersey, the court sees no good reason why the plaintiff should maintain this suit as ancillary administrator appointed by the Register of Wills of the County of Philadelphia, in the Commonwealth of Pennsylvania. The third and fourth counts of the complaint will be dismissed.