Patricia Gray LUMB, Trustee Ad Litem of
the Estate of James Arthur
Gray, Plaintiff,

and

Cora Bell Gray, Individually as the widow of James Arthur Gray and as Administratrix of the Estate of John Arthur Gray, Deceased, Intervenor,

v.

Thurman V. COOPER, Earl Lindsay and
Matlack, Inc., a Pennsylvania Corporation, Defendants.

Superior Court of Delaware,
New Castle.

April 20, 1970.

Sheldon N. Sandler, Wilmington, for plaintiff.

Frederick Knecht, Jr., Wilmington, for intervenor.

## OPINION ON APPLICABLE LAW TO DETERMINE PARTY PLAINTIFF; PENNSYLVANIA LAW APPLIED

QUILLEN, Judge.

On January 3, 1969, the decedent, John Arthur Gray, a Delaware resident living apart from his wife, was a passenger in a vehicle driven by Thurman Cooper. The vehicle was involved in an accident in Pennsylvania, with a truck owner by Matlack, Inc. and driven by Earl Lindsay. As a result of the collision, John Arthur Gray died on January 3, 1969.

On January 30, 1969, Cora Bell Gray, the wife of the decedent, was granted letters of administration by the Register of Wills of New Castle County.

On July 7, 1969, Patricia Gray Lumb, the mother of the decedent, filed a civil action in this Court to recover for the wrongful death of her son (468 Civil Action 1969). Under Pennsylvania law permitting beneficiaries to sue, she filed the civil action as "trustee ad litem of the Estate of John Arthur Gray". On July 15, 1969, the widow, Cora Bell Gray, filed a motion to intervene in the suit brought by the mother. Subsequently, on July 17, 1969, the widow herself filed a separate action, 497 Civil Action 1969, claiming damages for wrongful death. The complaint in the widow's suit cites no statute, but the briefs herein indicate the widow claims under the Delaware statute, 10 Del. C. § 3704, and also as the most appropriate party plaintiff under Pennsylvania law. The two suits were consolidated under the early civil action. The matter currently before the Court is the determination of the proper party plaintiff.

■ The legal questions raised in the briefs concern conflict of laws questions in the wrongful death context. It is the general rule of conflict of laws that the forum court applies its own conflict of laws rules to determine the governing state law. Folk v. York-Shipley, Inc., 233 A.2d 451 (Del.Super.1967); affirmed 239 A.2d 236 (Del.Sup.1968).

■ It is beyond dispute that the law of the place in which a tort takes place governs the substantive rights of the parties in an action on the tort brought in Delaware. Friday v. Smoot, 211 A.2d 594, 595 (Del. Supr.1965).

■ More specifically, in actions for wrongful death, the law of the place of wrong governs the right of action. Restatement, Conflict of Laws, § 391; Pack v. Beech Aircraft Corporation, 11 Terry 413, 132 A.2d 54 (Del.Supr.1957). Furthermore, under general principle of conflict of laws, if the death statute of the state of the wrong designates a particular person as the one to sue upon the cause of action, such person may sue in any state, both for himself and as owner in trust for other distributees. Restatement, Conflict of Laws, § 394, § 396 Comment c; Odlivak v. Elliott, 82 F.Supp. 607 (D.Ct.Del.1949). The situation may be different in a suit in a foreign state by the personal representative of the deceased, appointed in the state of the wrong, because of the traditional problem created if the forum state has special public policy rules concerning the capacity of foreign executors and administrators. Restatement, Conflict of Laws, § 396. But there appears no public policy of Delaware which would prevent a trustee under a foreign wrongful death law to sue in a Delaware court. Indeed, a foreign personal representative could sue in Delaware. 12 Del.C. § 1551; New York Trust v. Riley, 24 Del.Ch. 354, 16 A.2d 772, 786 (Sup. Ct.1940).

■ In this case, the accident occurred in Pennsylvania. Under the Pennsylvania wrongful death statute, 12 Purdon § 1602, the husband, widow, children or parents of the deceased are entitled to recover. The Supreme Court of Pennsylvania has, by the Procedural Rules Act of June 21, 1937, broad rule making power in matters of procedure. 17 Purdon § 61. The rule mak-

ing power has been used extensively in setting forth a procedure for wrongful death actions. See 12 P.S.App.R.C.P. Rule 2201–2225. The Rules of Civil Procedure, while not substantive, do have the force of a statute. Dombrowski v. City of Philadelphia, 431 Pa. 199, 245 A.2d 238 (1968).

■ It has been argued that since the Pennsylvania Rules in question are necessarily procedural, they should not be followed. But wrongful death actions based on foreign law is a special field in itself. It is well settled, for example, that the built-in statute of limitations of a foreign wrongful death statute applies in Delaware. Pack v. Beech Aircraft Corporation, supra; Restatement, Conflict of Laws, § 397. This is true even though limitations questions are generally settled by the law of the forum. Restatement, Conflict of Laws, §§ 603, 604. Labels are simply of limited value and the particular legal question presented must be examined.

Under the Pennsylvania Rules any beneficiary can sue if the personal representative does not sue within six months of death. After six months a suit by a beneficiary bars a subsequent suit by the personal representative. Rule 2202 and notes. In this case, an alleged beneficiary, the mother, brought the first wrongful death action and such action was brought more than six months after the death. There does not seem to be any reason why Delaware should not recognize her standing as trustee ad litem in accordance with the Pennsylvania law. No statute, case law or public policy of Delaware has been cited which prevents such recognition. The Court is not impressed by the argument that the Pennsylvania Rules were not intended to have extraterritorial effect. The same argument could be made in every conflict of laws question. Compare Wasserman v. Tannenbaum, 23 N.J.Super. 599, 93 A.2d 812 (Super.Ct.1952). Rather, it is appropriate to follow the language of the Restatement and "[i]f the death statute of the state of wrong designates a particular person as the one to sue upon the cause of action, such person may sue in any state." Restatement, Conflict of Laws, § 394. The Pennsylvania rules, which have the effect of statute, should be similarly treated.

■ In this case, giving a prima facie effect to the mother's complaint, a beneficiary designated by the law of Pennsylvania (12 Purdon § 1602) filed the first suit and no policy of Delaware denies her standing. Under these facts, her standing should be recognized.

This does not necessarily mean that Delaware must reject all suits in foreign wrongful death cases where the plaintiff is not the one given the right to sue under foreign wrongful death laws. It means merely that a person so authorized by foreign law may sue in Delaware if no public policy of Delaware is violated. It can be permitted without being required. Compare Tyson v. Scartine, 10 Terry 442, 118 A.2d 795 (Super.Ct.1955). The Court holds that the suit by the mother was proper since, if the allegations in her complaint are proved, she is authorized to sue under Pennsylvania law.

There is, however, a second problem. The widow and the mother disagree as to who is entitled to damages. The mother claims that the widow had wilfully and maliciously deserted the husband substantially more than a year before his death, and therefore is ineligible to recover under the Pennsylvania statute. The widow claims otherwise.

■ If the mother's factual claims in relation to the marital situation are true, she is the appropriate party plaintiff. The widow challenges those allegations and asks that she, as both widow and personal representative, be substituted for the mother in a procedure authorized by the Pennsylvania Rules. Rule 2203. A hearing will be required to settle the factual dispute.