206 N.J. Super. 151 (1985)
501 A.2d 1068
METPARK, INC., PLAINTIFF,
v.
MR. AND MRS. WILLIAM J. KENSHARPER AND JOHN BROCK, DEFENDANTS.
Superior Court of New Jersey, Law Division, Special Civil Part (Tenancy), Bergen County.
September 23, 1985.
*153 Christopher J. Hanlon for plaintiff (Gross and Hanlon, attorneys).
Jerome M. Lane for defendants.
BOGGIA, J.S.C.
This case raises for the first time the issues of whether tenants in a mobile home trailer park wherein a judgment for possession was entered for the landlord on July 27, 1984, such judgment being stayed pending appeal and pursuant to the provisions of N.J.S.A. 2A:42-10.6, are still "residents" of said trailer park within the meaning of the term as used in N.J.S.A. 46:8C-3(a) thus being entitled to assert the rights provided thereunder, and if they are residents whether their landlord may withhold approval on proposed sales of their homes within the park on the ground that such refusal to approve is "reasonable" under the circumstances and the statute.
The procedural and factual history of this case may be summarized as follows: Defendant tenants were part of a group of ten tenants who were sued by plaintiff, their landlord, for non-payment of rent in July 1983. Rent payments had been withheld by defendants pending resolution of the issue of fees and assessments charged by the landlord. The ten matters were consolidated and removed to the Superior Court pursuant to N.J.S.A. 2A:18-60. Pending discovery and trial in the Superior Court, an order was entered directing the tenants to pay the uncontested portion of the rent to the landlord and the contested portion to an escrow account.
Following discovery, a settlement agreement was entered into on May 30, 1984 which provided that all of the tenants were to pay all of their rent from that point forward. The *154 present two defendants, Kensharper and Brock, did not pay as required.
A motion was then filed by plaintiff to enforce the settlement agreement and for judgments for possession against the present two defendants, who had not paid rent in accordance with the settlement agreement. Pursuant to that motion, the trial court entered an order enforcing the settlement agreement and awarding judgments of possession against defendants, Kensharper and Brock.
All of the tenants involved appealed the above-mentioned order of the trial court, and the two present defendants, Kensharper and Brock, in addition, appealed the judgments for possession. The Appellate Division affirmed the order of the trial court as to all issues.
Subsequently, defendants sought relief from the trial court's order, seeking to have the judgments for possession vacated because they had paid some of the rent during the appeal. This application was denied by the trial court on July 11, 1985, but the court did grant a hardship stay pursuant to N.J.S.A. 2A:42-10.6 for a period of three months until October 15, 1985.
During this stay, defendants notified plaintiff, pursuant to N.J.S.A. 46:8C-3(a), that they planned to sell their homes within the park. Plaintiff then indicated that it would not approve any purchasers offered by defendants as tenants within the park and that defendants would therefore be required to sell their homes outside of the park. The basis for plaintiff taking this position was that plaintiff felt defendants were no longer entitled to the rights under N.J.S.A. 46:8C-3(a) of the Mobile Home Protection Act. Defendants then applied to the court to resolve this issue.
A major legislative purpose in enacting the Mobile Home Protection Act, N.J.S.A. 46:8C-1 et seq., was to curb abuses by mobile home park owners on tenants within such parks. Under prior law tenants had little or no recourse from such abuses due to the superior "bargaining" position of their landlords. If *155 tenants complained the landlord could rather easily force tenants to move within or without the park or harass them by controlling their access to various utilities and raising fees for such access. See Legislative History of N.J.S.A. 46:8C-1 et seq. A major reason that the recourse of mobile home park tenants was so limited was that mobile home space is severely limited in New Jersey. Thus, a mobile home owner would have no place to put his home in the event his lease was terminated. Also, if the tenant were forced to sell his home separate from the leased premises, the value of his home would drop dramatically. In the mobile home market a home without a place to be put is not worth nearly as much as a home attached to a leased parcel of land.
To remedy some of the above problems the Legislature granted certain rights to mobile home tenants so they could protect themselves from landlord abuse. These rights are encompassed within the Mobile Home Protection Act, N.J.S.A. 46:8C-1 et seq., which by its own terms is to be "liberally construed to effectuate the purposes thereof." N.J.S.A. 46:8C-7. It is in light of the above-mentioned policies within which this court will construe the provisions of the act and make its decision.
Under N.J.S.A. 46:8C-3(a):
No mobile home park shall deny any resident of such mobile home park the right to sell said resident's mobile home within the park or require the resident to remove the mobile home from the park solely on the basis of the sale thereof. The park may reserve the right to approve the purchaser of said mobile home as a tenant, but such permission may not be unreasonably withheld and the park shall not exact a commission or fee with respect to the price realized by the seller unless the park owner or operator has acted as agent for the mobile home owner in the sale pursuant to a written contract.
This provision creates two separate rights in a mobile home owner vis-a-vis his landlord. First, it prevents a landlord from denying to any resident of a mobile home park, the right to sell the resident's mobile home within that park or forcing the resident to remove that home from the park solely on the basis of the sale thereof. This court finds that this provision constitutes *156 legislative recognition of the fact that the sale of a mobile home within, as opposed to outside, a mobile home park will command a greater price for that home, and that in its wisdom the Legislature has put the right to command that premium in the hands of the resident as opposed to the owner of the park. To further buttress the latter of the above two findings, this court notes that in the same statutory provision the park is prohibited from exacting a commission or fee with respect to the price realized by the seller unless the park owner or operator has acted as agent for the mobile home owner in the sale pursuant to a written contract. Thus, under the above provisions the park is not entitled to any part of the sale price of a mobile home sold within the park by a resident, and has no reasonable expectation of such entitlement. The second right, is that the park may not unreasonably withhold its approval of a prospective purchaser as a tenant within the park.
The crux of the matter with respect to the first of the above two rights in this case is whether defendant mobile home owners are still "residents" within the meaning of the statutory language, in light of the judgment for possession entered against them.
The statutory mandate of N.J.S.A. 46:8C-7 dictates that the courts of this State interpret the provisions of the Mobile Home Protection Act liberally in order to effectuate the purposes thereof. Earlier in this opinion this court found that one of the purposes of the act was to give the resident of a mobile home park command over the premium that can be realized by the sale of a mobile home within as opposed to without a mobile home park. Although this cited purpose does not, by itself, answer the question of whether a given party is a resident within the meaning of the statute, it does so to this court's satisfaction, when coupled with the policy of liberal construal under the act. "Remedial acts will be construed to give the words used the most extensive meaning to which they are reasonably susceptible." Global Am. Ins. Managers v. *157 Perera Co. Inc., 137 N.J. Super. 377, 386 (Ch.Div. 1975); Wasserman v. Tannenbaum, 23 N.J. Super. 599, 610 (Law Div. 1952). In the context of the language at issue in this case, this policy mandates that this court construe the term "residents" broadly. If the statutory language is not unambiguous and clear in excluding a class of mobile home park dwellers as residents of that park, this court must find that they are, in fact, residents and entitled to assert the rights of residents under the act. With respect to defendants in this case, this court finds that the language of the statute is not clear as to whether they are still "residents" under the statute, as the statute does not specify when a party ceases to be a "resident" of a mobile home park. In light of this ambiguity this court is loathe to compel the forfeiture of defendants' right to the premium on the sale of their homes within the park in which they are living.
The word resident when used as a noun has been defined as a "dweller, habitant, or occupant." Blacks Law Dictionary (5 ed. 1979), at 1177. Defendants, in this case, have resided within the meaning of that word in the park in question for approximately five to seven years respectively.
The court does not feel that they have ceased to be residents in the park in question so long as they are lawfully in possession of the premises. This court further finds that defendants in this case are lawfully in possession pursuant to a stay of execution signed by this court on August 5, 1985. Thus, we find they are residents within the meaning of N.J.S.A. 46:8C-3(a), and are therefore entitled to the rights and protections thereunder.
To rule otherwise would mean that defendants would be forced to sell their homes outside of the park in question, each party standing to lose upwards of $10,000 due to the loss of the premium they could command if they were able to sell within *158 the park. Since the judgments for possession were entered as a result of a valid landlord-tenant dispute under the Mobile Home Protection Act, if the court did allow such a loss to befall defendants, we would in effect be punishing them for asserting their rights under the act. Such a ruling could have a chilling effect with respect to other parties asserting their rights under the act as they may then be risking the premium available on their homes sold within the park. Surely the Legislature did not intend to create rights to be exercised only at the peril of losing other rights granted by the same act. The Legislature could not have intended to equalize the bargaining positions of landlords and tenants in mobile home parks in name only.
With respect to the second of the rights created by N.J.S.A. 46:8C-3(a), i.e., that a park may not unreasonably withhold its approval of a prospective purchaser of a mobile home within the park, this court finds that the factors which bear on the reasonableness of withholding approval must relate only to the prospective tenant and not the present resident. A park may not consider his relationship with the present resident in deciding whether to approve a prospective purchaser as a tenant. The park may only consider the factors which relate to the prospective purchaser as a tenant. If a park's relationship with its present resident bears in any way on its decision to withhold approval of a prospective purchaser as a tenant, such withholding of approval will be deemed unreasonable under N.J.S.A. 46:8C-3(a), entitling both the mobile home owner who is selling his home and the prospective purchaser to assert the rights provided them under N.J.S.A. 46:8C-3(c).
In summation, this court rules the following:
1. That defendants are residents within the meaning of N.J.S.A. 46:8C-3 and entitled to rights thereunder;
2. That in accordance with this opinion approval of prospective purchasers of defendants' homes within the park will not be unreasonably withheld by plaintiff; and

*159 3. That defendants are hereby granted a further stay of three months, specifically until January 15, 1986, on the execution of the judgment for possession, in order that they may have time to secure a purchaser.